*Morehead & Reed* for plaintiff; *Harlan & Craddock* for defendants.

---

CHANCERY.

Case 85.

June 26.

## Hopkins, &c. *vs* Garrard.

ERROR TO THE PENDLETON CIRCUIT.

*Vendor's lien.    Notice.    Lis pendens purchasers.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

A defendant may sell land which he has purchased, though a suit may be depending to subject it to the payment of the unpaid consideration, the purchaser being subject to the equity of the complt's bill.

So much of the decree as annuls and sets aside the deed from Hopkins to the Fees, is final, and clearly erroneous. The deed is not void, because it was made pending the suit to subject the land to payment of the purchase money due from Hopkins to his vendor, Garrard, but is only liable to be overreached and rendered inoperative by the result of the suit, and so far only as may be necessary to effectuate that result. The title passed by the deed subject to be divested by a sale and conveyance under the decree, for the satisfaction of the vendor's lien. As to any part of the land not thus sold, the *pendente lite* purchaser is entitled to retain the title. And he has a right, before an actual sale, to free it from the incumbrance, by paying up the arrears of the purchase money. The decree annulling his deed, deprives him of these rights. As at the date of the deed from Hopkins, the pending suit had no other object but to subject the land to payment of the first instalment of the purchase money; and as the deed from Garrard to Hopkins acknowledges the receipt of the entire consideration, there is much rea-

son in the argument, that the title under the deed from Hopkins, should not be affected by the mere pendency of the suit, except to the extent of the instalment demanded by the original bill, and which was the only claim set up and pending when the deed was made.

But the fact that, notwithstanding his deed to Hopkins, which acknowledged full payment, Garrard, the grantor, remained in possession of the land, was an indication that he had or claimed some interest in the land, and should have put the subsequent vendees on an inquiry by which they would have easily learned that the purchase money was, in fact, unpaid, and probably that Garrard was holding the possession as a security for it. On the ground of notice, therefore, implied from this possession, the lien of Garrard for his purchase money, is considered effectual against the subsequent purchaser, even beyond the effect of the *lis pendens*. It was, however, even in this view, erroneous to annul the deed. This part of the decree must, therefore, be reversed. The residue of the decree being interlocutory, is not subject to reversal. But we suggest that it seems improperly to have omitted a credit of $20, entered on the note exhibited by the complainant; and also a credit for five dollars paid by Rice, and $14 50 paid by Culp; and the rent should have been credited at the rate of $60 a year. The acceptance of the deed by Hopkins, with the knowledge of the deficiency in the quantity, and his expressions of satisfaction, would seem to preclude his claim to a deduction in the price. These suggestions can have no effect, if that part of the case to which they relate has been finally disposed of.

Wherefore, so much of the decree as annuls the deed from Hopkins to the Fees and sets it aside, is reversed and the cause is remanded.

*Swope* for plaintiffs; *Trimble* for defendant.

The vendor remaining in possession of land sold and conveyed, is sufficient to put a subsequent purchaser upon inquiry as to the payment of the consideration.