# PLYMALE v. COMSTOCK.

### STATUTE OF FRAUDS—PAROL AGREEMENT.

The principle upon which courts of equity have avoided the statute of frauds, upon the ground of part performance of a parol agreement, is well settled. The rule is that such parol agreement must be certain and definite in its terms, and the acts proved in part performance must be of the identical contract set up, and must have been so far executed that refusal to execute would operate as a fraud on the party. A failure to prove the contract set up is fatal to the pretentions of the complainant.

APPEAL from Douglas.

The plaintiff alleges, substantially, that on or about the 18th of September, 1878, the defendant represented to the plaintiff that he had a lawful right to sell and convey lots three and four, in block 56, in the railroad addition to the city of Roseburg, Douglas county, Oregon, and then and there agreed that upon the payment to him, defendant, within a reasonable time, of the sum of one hundred dollars, to make, execute and deliver to plaintiff a deed for said premises. And that the defendant then and there placed the plaintiff in possession of said premises, and he still maintains the same. That by reason of said representations, the plaintiff made valuable improvements thereon to the amount of six hundred dollars.

That on the 28th of November, 1879, plaintiff tendered one hundred dollars to defendant, and demanded a deed to said premises, and defendant refused to accept the money, or deliver the deed. That plaintiff is still ready to pay the one hundred dollars. That by reason of defendant's failure to perform said agreement, plaintiff has been damaged in the sum of two hundred dollars. That defendant is now, or pretends to be, the owner of said premises, and can perform said agreement, but refuses. And prays for a decree for a conveyance, and for two hundred dollars damages.

The defendant denies each allegation of the complaint, excepting the tender of one hundred dollars, and demand for

a deed, and that defendant is now the owner of the premises. A decree was rendered dismissing the complaint, and for defendant's costs and disbursements—sixteen dollars. From this decree plaintiff appeals to this court.

*John Kelsay*, for appellant.

To reverse the decree of the circuit court, the following points and authorities were relied on :   An agent may be appointed by parol.  (1 Parsons on Contracts.)   Authority is presumed, or raised by implication of law.   (1 Greenleaf on Evidence, secs. 60, 61; 1 Parsons on Contracts, 47, 51; Dunlap's Paley on Agency, 161.)   Authority to contract for land need not be in writing.   (Code, 644; 1 Chitty on Contracts, 276.)   An agent employed to contract for land cannot purchase for himself.   (1 Story's Eq., sec. 316; 4 Kernan, 91.)

*W. R. Willis*, for respondent.

Before the appellant can recover, he must show by the evidence that the respondent represented that he had a lawful right to sell the lots, and would execute and deliver to appellant a good and sufficient deed therefor, on the payment of one hundred dollars, and that respondent put appellant in possession.   (*Charnley* v. *Hously*, 13 Pa., 16, 21; *Waters* v. *Howard*, 8 Gill, 277; Story's Eq. Jur., secs. 764 and 765.)

By the Court, LORD, C. J.:

It is clear from the evidence that the contract alleged in the complaint is not proved.   There is not a particle of evidence to show that the respondent represented to the appellant that he was the owner, or had any lawful right to sell or convey the lots, or that he made any agreement with the appellant whereby he agreed to execute to him a deed upon the payment of the sum alleged, or that the respondent placed appellant in possession of the lots.   What the evidence does show is, that the appellant desired to purchase a lot for the purpose of building a house, and in a friendly way, and merely to aid him in the selection. the respondent accompanied him to view

several lots which were for sale, and being unable to find one suitable that day, they went on the following day to the railroad office to look at the map of the railroad addition to the town of Roseburg, and found a number of lots vacant, out of which he selected the lots in question.

The lots were owned by the Willamette Real Estate Company, whose place of business was in the city of Portland. The respondent being acquainted with the officers of that company, he, at the request of the appellant, addressed a letter to the secretary of the company, making inquiry in respect to the lots which the appellant had selected, and in answer the said secretary wrote:  " We own the lots, three and four," etc. (including the lots in question,) " which we will sell for fifty dollars a lot." This letter the respondent sent to the appellant, but under the contents was written a note in lead pencil:  "Above find answer about lots. If any suit you, you can commence on it immediately."

In all this, there is no pretense that the respondent owned the lots, or was authorized to sell or convey them. The letter which the respondent received from the company, and which he sent to the appellant, plainly shows who was the owner of the lots, and the terms on which they could be purchased, and this was the object in writing the letter to the company, and in sending their reply to the appellant.

All that remained for the appellant to do, was to notify the company of the lots he had selected, pay the price named, and receive the deed for them. Nothing of the kind was done. This is the evidence of the appellant, and it is in no wise inconsistent with the testimony of the respondent. The evidence of respondent is to the same effect. He says:  " I never agreed to sell him the lots; as I was intimately acquainted with the railroad parties, Mr. Plymale wanted I should write down to them, to see if he could buy those lots, which I did, and sent their reply to him, that he could have the lots for so much money paid for them, which he failed to do." And again he says:  " I never agreed to deliver him a deed at all.

I merely wrote the letter to the party who owned the lots, to accommodate him.   I never represented that I was the owner of the lots.   I never had any right to sell and convey the lots, and never told him I had.   I did not place him in possession at all."   The fact that the respondent had neither the title or possession was known to the appellant.

The principles upon which courts of equity have avoided the statute of frauds, upon the ground of part performance of a parol agreement, are well settled.   The rule is, that such parol agreement must be certain and definite in its terms, and the acts proved in part performance must be of the identical contract set up, and must have been so far executed that a refusal to execute would operate as a fraud upon the party.

" Where a party claims to take the case out of the statute of frauds, on the ground of part performance of the contract, he must make out, by clear and satisfactory proof, the existence of the contract, as laid in the bill, and the act of part performance must be of the identical contract set up.   It is not enough that the act is evidence of some agreement, but it must be unequivocal, and satisfactory evidence of the *particular* agreement charged in the bill."   (*Davis* v. *Bartholomew*, 3d Ind. R., 490; 4 Md. R., 459, 462;  *Brewer* v. *Wilson*, 17 N. J. Eq. R., 182; Fry on Specific Performance, sec. 164;  2 Wheaton, 341.)

But in this case the defect in the proof does not arise from the vagueness, uncertainty, or conflict of the evidence in respect to the alleged agreement, but it is a case of entire failure of proof to establish the contract sought to be specifically executed.

It follows that the decree of the court below, dismissing the complaint, must be affirmed.

Decree affirmed.