[Argued April 12, 1893; decided April 27, 1893.]

## EXON v. DANCKE.

[S. C. 32 Pac. Rep. 1045.]

POSSESSION OF REAL PROPERTY AS NOTICE TO PURCHASER.— It is a general rule that open, notorious, and exclusive possession and occupation of land by a stranger to the title is sufficient to put a purchaser from a vendor who is out of possession upon inquiry as to the legal and equitable rights of the party in possession: *Stannis* v. *Nicholson*, 2 Or. 333; *Bohlman* v. *Coffin*, 4 Or. 313; *Petrain* v. *Kiernan*, 23 Or. 455, cited and approved.

DEED ABSOLUTE IN FORM — NOTICE — UNRECORDED DEFEASANCE.— Continued possession of land by the grantor in an absolute recorded deed thereof is not notice to a *bona fide* purchaser from the grantee in the deed of the grantor's equity under an unrecorded defeasance, within the meaning of section 3029, Hill's Code.

Multnomah County: LOYAL B. STEARNS, Judge.

Suit by Hannah C. Exon against Michael Dancke and Adelaide, his wife, to declare a deed to be a mortgage, and for leave to redeem. The matter was referred to Geo. A.

Brodie, Esq., who reported in favor of the defendants, and a decree was entered accordingly, from which the plaintiff appeals.    Affirmed.

*John F. Caples,* and *Greenbury W. Allen,* for Appellant.

*Benton Killin, Warren E. Thomas,* and *Reuben S. Strahan* (*F. A. E. Starr* on the brief), for Respondents.

MR. JUSTICE BEAN delivered the opinion of the court.

This is a suit to declare a deed, absolute in form, to be a mortgage, and for leave to redeem.    The facts are that on April 30, 1885, H. C. Carmack, John Kenworthy, C. C. Hall, and John S. Simmons, at the request of John Exon, the husband of plaintiff, borrowed of the First National Bank of East Portland, on their individual note, the sum of one thousand and fifty dollars, and delivered the same to Exon to enable him to pay off and discharge certain indebtedness of his then due and owing.    In order to secure and save them harmless from any loss by reason of having given this note, the plaintiff and her husband made, executed, and delivered to them a warranty deed for the premises in controversy, which belonged to plaintiff, and upon which there was at the time a mortgage for about one thousand two hundred dollars in favor of one Pearcy, which deed was duly recorded in the records of Multnomah County.    At the time of the execution and delivery of the deed, Carmack, Kenworthy, Hall, and Simmons executed and delivered to John Exon, the husband of plaintiff, a defeasance, or instrument in writing, by the terms of which they agreed that in the event of Exon's paying, or causing to be paid, their said note and interest, according to its terms, with all taxes assessed on the land, and in all things saving them harmless by reason of making the note, they would reconvey the premises to Exon or his assigns, but this defeasance was not recorded.    The plaintiff remained in the open, exclusive, and notorious

possession of the premises from the date of the deed until the twenty-seventh of September, 1886, when, the note to the bank not having been paid, Kenworthy and his associates sold and conveyed the property to the defendant Michael Dancke for the sum of two thousand seven hundred dollars in cash, that being the best sum obtainable therefor, which they applied in payment of the note to the bank, and the first mortgage on the property, delivering the surplus to the plaintiff's son for her use and benefit. On the twenty-sixth of the following month Dancke took possession of the property, and has continued to live upon and occupy the same ever since. From the evidence it appears that at the time Dancke purchased he had actual knowledge that plaintiff was in the open, notorious, and exclusive possession of the property; but a careful examination of the record fails to disclose that he had any knowledge or notice of her claim thereto, unless he is chargeable with notice from her possession. He made his contract for the purchase of the property in good faith, with Kenworthy, in whom he had confidence, and who represented to him that the title was good, and that he was authorized to make the sale, but did not disclose the manner in which he and his associates became the owners of the property, or that Mrs. Exon or any other person had any interest therein, or claim thereto, but assured him that the title was good and that a deed from him and his associates would convey a perfect title.

Assuming, but without deciding, that the conveyance from plaintiff and her husband to Kenworthy and his associates, as between themselves, was a mortgage, and not a conditional deed, we shall proceed to examine the only question we deem material in the case, and that is, whether the possession by plaintiff at the time of the purchase by Dancke was sufficient to put him upon inquiry as to her equitable title, or charge him with notice of her claim to the property. By section 3029 of Hill's Code, it

is provided that "When a deed purports to be an absolute conveyance in terms, but is made, or intended to be made, defeasible by force of a deed of defeasance, or other instrument for that purpose, the original conveyance shall not be thereby defeated or affected as against any person other than the maker of the defeasance, or his heirs or devisees, or persons having actual notice thereof, unless the instrument of defeasance shall have been recorded in the office for the recording of deeds and mortgages of the county where the lands lie." This statute is, in substance, found in many of the states of the Union, and the construction of the term "actual notice," as used therein, has been the subject of much judicial controversy and conflict of opinion. We do not deem it necessary at this time to indicate our views thereon, but shall assume the true rule to be, that notice, within the meaning of the statute, must be held to be actual when the subsequent purchaser has actual knowledge of such facts as would "put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of the right or title in conflict, with that which he is about to purchase": *Brinkman* v. *Jones*, 44 Wis. 499, which contains an exhaustive and able examination of the question.

As a general rule the authorities declare that open, notorious, and exclusive possession and occupation of real estate by a stranger to the title is sufficient to put a purchaser from a vendor out of possession upon inquiry as to the legal and equitable rights of the party in possession: *Stannis* v. *Nicholson*, 2 Or. 333; *Bohlman* v. *Coffin*, 4 Or. 313; *Petrain* v. *Kiernan*, 23 Or. 455 (32 Pac. Rep. 158.) But whether this rule applies to a purchaser from a vendee whose vendor remains in possession, after having put upon record a deed conveying the title, properly executed, acknowledged, and recorded, the authorities are in conflict. In *Pell* v. *McElroy*, 36 Cal. 268, which is a leading case upon the subject, the court discusses the question at

XXIV. OR.— 8.

length, and arrives at the conclusion that the continued possession of the vendor, after the conveyance of the title, is a fact in conflict with the legal effect of his deed, and is presumptive evidence that he still retains an interest in the premises, and is sufficient to subject the purchaser to the general rule as to the effect of notice given by possession. As a reason for this conclusion the court says: "An absolute deed divests the grantor, not only of his legal title, but right of possession; and when such grantor is found in the exclusive possession of the granted premises long after the delivery of his deed, here is a fact antagonistic to the fact and legal effect of the deed; and we cannot appreciate the justice, sound reasoning, or policy of a rule which would authorize a subsequent purchaser, while such fact of possession continues, to give controlling prominence to the fact and legal effect of the deed, in utter disregard of the other notorious prominent antagonistic fact of exclusive possession in the original grantor. He cannot be regarded as a purchaser in good faith who negligently or willfully closes his eyes to visible pertinent facts, indicating adverse interest or incumbrances upon the estate he seeks to acquire, and indulges in possibilities or probabilities, and acts upon doubtful presumptions, when by the exercise of prudent, reasonable diligence he could fully inform himself of the real facts of the case." And there are other authorities which maintain this to be the correct doctrine: *Brinkman* v. *Jones*, 44 Wis. 498; *New* v. *Wheaton*, 24 Minn. 406; *Hopkins* v. *Garrard*, 7 B. Mon. 312; *Grimstone* v. *Carter*, 3 Paige, 420 (24 Am. Dec. 230); *I. C. R. R. Co.* v. *McCulloch*, 59 Ill. 166; 2 Devlin, Deeds, §§ 764, 765.

We are of the opinion, however, that the reason, as well as the decided preponderance, of the authorities is to the effect that a purchaser from a vendee whose vendor remains in possession, is not bound to inquire further as to the title, when he finds on record a deed from such ven-

dor, properly conveying the title to the person from whom he is about to purchase. Any inquiry suggested by such possession is fully answered by the record, and is prosecuted sufficiently far when the examination of the record discloses a deed from the person in possession to the person who offers to sell, and who is claiming and asserting title under such deed. In Massachusetts, under a statute similar to that of this state, the supreme court has repeatedly held that the open and notorious possession by the grantor will not be sufficient to impart to the purchaser notice of an unrecorded defeasance: *Pomroy* v. *Stevens*, 11 Met. 244; *Hennessey* v. *Andrews*, 6 Cush. 170; *Newhall* v. *Pierce*, 5 Pick. 450; *Parker* v. *Osgood*, 3 Allen, 487; *Lamb* v. *Pierce*, 113 Mass. 72. In *Bloomer* v. *Henderson*, 8 Mich. 404 (77 Am. Dec. 452), Mr. Justice Christiancy, after adverting to the fact that open and peaceable possession by a stranger to the title is notice to the world of the possessor's legal and equitable rights, says: "But the object of the law in holding such possession constructive notice, where it has been so held, is to protect the possessor from the acts of others who do not derive their title from him; not to protect him against his own acts, and especially against his own deed. If a party executes and delivers to another a solemn deed of conveyance of the land itself, and suffers that deed to go upon record, he says to all the world, 'whatever right I have, or may have claimed to have, in this land, I have conveyed to my grantee; and though I am yet in possession, it is for a temporary purpose, without claim of right, and merely as a tenant at sufferance to my grantee.' This is the natural inference to be drawn from the recorded deed, and in the minds of all men would be calculated to dispense with the necessity of further inquiry upon the point. All presumption of right, or claim of right, is rebutted by his own act and deed. One of the main objects of the registry law would be defeated by any other rule." So in *Van Keuren* v. *Central*

*R. R. Co.* 38 N. J. Law, 167, VAN SYCKEL, J., while admitting the full force of the general rule of notice by possession, declares that "this rule does not apply to a vendor remaining in possession, so as to require a purchaser from his grantee to inquire whether he has reserved any interest in the land conveyed. So far as the purchaser is concerned, the vendor's deed is conclusive upon that subject; having declared, by his conveyance, that he makes no reservation, he is estopped from setting up any secret arrangement by which his grant is impaired. The well-settled rule applies to this case, that a party is estopped from impeaching or contradicting his own deed, or denying that he granted the premises which his deed purports to convey.

And in *Crasson* v. *Swoveland*, 22 Ind. 434, under a statute identical with ours, in discussing the question now before us, the court said: "But it is claimed that as it was found that Swoveland was in possession of the land at the time Whitney purchased it, this was constructive notice. As a general proposition the doctrine that possession of real estate is constructive notice to all the world of the rights of the parties in possession, is conceded. But the doctrine has no application to the case before us. * * * Our statute on the subject of registry * * * requires actual notice to defeat a purchaser where the defeasance has not been duly recorded. Possession has never been held anything more than constructive notice. Such constructive notice does not come within the statute. This is in accordance with the authorities. Says an elementary writer: 'Nor will the continued possession by the grantor of land, after the making of his deed, be notice of a defeasance held by him which is not recorded': 1 Wash. R. P. § 22." In *McCulloch* v. *Cowher*, 5 Watts & Serg. 427, it is held that possession of land is notice of every title under which the occupant claims it, unless he has put upon record a title inconsistent with this possession. Mr. Bigelow, in

his excellent work on The Law of Fraud, page 393, says that "The rule of notice by possession does not apply in favor of a vendor remaining in possession after an absolute conveyance, so as to require a purchaser from his grantee to inquire whether he has reserved any interest in the land conveyed. So far as the purchaser is concerned, the vendor's deed is conclusive. Having declared by his deed that he makes no reservation, he cannot afterwards set up any secret arrangement by which his grant is impaired." In *Eylar* v. *Eylar*, 60 Tex. 315, the court declares that the sole office which possession performs in the matter of notice is to put a person desiring to purchase upon inquiry, and that it has no effect in determining what the inquiry shall be, or of whom it shall be made; and "if the inquiry is prosecuted to the highest source which the law of the land declares shall exist for the determination of title, and to the source which the parties have created as the highest evidence of their respective rights, can it be true that it is further necessary to examine sources inferior and make inquiry as to whether or not there are claims, or even rights, in others not evidenced as the law requires, or otherwise the purchaser be charged with constructive notice of secret vices in the title which he buys? To so hold, we are of the opinion, would be to strike at the very foundation of the policy upon which the registration laws rest." As bearing upon the discussion of this question, and in effect declaring the same rule as the authorities heretofore cited, see 16 Am. & Eng. Enc. 803; *Humphrey* v. *Hurd*, 29 Mich. 44; *Tuttle* v. *Churchman*, 74 Ind. 311; *Brophy M. Co.* v. *Brophy M. Co.* 15 Nev. 101; *Scott* v. *Gallagher*, 14 S. & R. 332 (16 Am. Dec. 508); *Groton Savings Bank* v. *Batty*, 30 N. J. Eq. 126; *Bingham* v. *Kirkland*, 34 N. J. E. 230; *Koon* v. *Tramel*, 71 Iowa, 132 (32 N. W. Rep. 243); *Cook* v. *Travis*, 20 N. Y. 400.

Upon a review of the whole case, in the light of the authorities, we are of the opinion that Dancke, in the

absence of actual notice of plaintiff's equity, had a right to rely upon her deed of record to Kenworthy and his associates, and to assume that she continued in possession of the premises in subordination to the title of her vendees. He is, therefore, entitled to the protection of a *bona fide* purchaser for value, and the decree must be AFFIRMED.