Argued February 25; decided June 15, 1896.

## COOPER v. THOMASON.

(45 Pac. 295.)

1. TRUSTS—STATUTE OF FRAUDS—CODE, § 781.—Though a trust in real estate cannot be created by parol, the same rule does not apply to personal property; and if a grantee sells land under a parol agreement to convert it into money and pay the grantor's debts, his subsequent acknowledgment of the trust will bind him.

| | |
|---|---|
| 30 | 161 |
| 30 | 275 |
| 30 | 161 |
| 31 | 549 |
| 30 | 161 |
| 37 | 617 |
| 30 | 161 |
| 39 | 214 |
| 30 | 161 |
| 41 | 318 |
| 30 | 161 |
| 43 | 123 |
| 43 | 356 |
| 30 | 161 |
| 46 | 57n |

2. PAROL EVIDENCE—EXPRESS TRUST.—In a suit to enforce a trust in personal property which is the proceeds of land held in trust, parol evidence is admissible to prove the original agreement under which the premises were held, as a consideration for a subsequent declaration of the trust by the trustee.

3. VENDOR AND PURCHASER—POSSESSION AS NOTICE.—Possession of land by a third person is constructive notice of such person's legal and equitable rights: *Petrain* v. *Kiernan*, 23 Or. 455, and *Exon* v. *Dancke*, 24 Or. 110, applied and followed.

4. VERBAL CONTRACT CONCERNING LAND—STATUTE OF FRAUDS— MEMORANDUM*—PART PERFORMANCE.—A deed deposited in escrow is insufficient to take an oral contract for the sale of land out of the statute of frauds, unless such deed contains a memorandum of the agreement; nor is payment of the purchase price such a part performance as to overcome the plea of the statute; but taking possession in pursuance of the terms of the contract, and making improvements, is sufficient for that purpose.

5. SPECIFIC PERFORMANCE.—The vendor in a parol contract for the sale of lands may enforce specific performance thereof, where he has delivered possession to the purchaser, who has held such possession and made improvements entitling him to the enforcement of the contract as against the vendor.

6. DEFECT OF PARTIES—DEMURRER—CODE, § 71.—Where an objection for defect of parties is apparent on the face of the pleadings, the objection must be made by demurrer (section 71, Hill's Code), or it will be deemed waived.

7. PRESUMPTION—CROSS APPEAL.—A party who does not appeal from a judgment or decree is presumably satisfied, and his interests will not be considered on appeal.

From Polk: GEO. H. BURNETT, Judge.

This is a suit by J. S. Cooper and others against W. J. Thomason and others, to compel the specific performance of a contract for the purchase of land, and to have a deed therefor declared void and cancelled. The material facts

* For an interesting note on the essentials of a memorandum of agreement to sustain specific performance see *Mentz* v. *Newwitter*, 11 L. R. A. 97 (19 Am. St. Rep. 514). Many authorities showing that an undelivered deed is not a sufficient memorandum to satisfy the statute of frauds are appended to the case *Kopp* v. *Reiter*, 37 Am. St. Rep. 163 (22 L. R. A. 273). When possession is such an act of part performance as to take the case from under the statute of frauds, and authorize compulsory specific performance, is fully considered in notes to the following cases: *Emmel* v. *Hayes*, 22 Am. St. Rep. 777 (11 L. R. A. 323); *Cutler* v. *Babcock*, 29 Am. St. Rep. 890-91; *Peek* v. *Peek*, 11 Am. St. Rep. 250; *Grant* v. *Grant*, 38 Am. St. Rep. 393 (1 L. R. A. 185).— REPORTER.

are that on March 3, 1893, the defendant H. Christian, being the owner in fee of a tract of land in Polk County, executed, with his wife, Emily Christian, and delivered to the plaintiff J. S. Cooper, as trustee, a warranty deed therefor. On the 25th of the next month, in consideration of the payment of $1,000, and the execution of a note for $6,100, payable in ninety days, Cooper, as trustee, by the advice and with the consent of Christian, executed a warranty deed of said premises to the defendant W. J. Thomason, who immediately entered into and retained the possession thereof. The deed and note were deposited with one W. H. Hawley, the cashier of the plaintiff the First National Bank of Independence, to be delivered to Thomason upon the payment of said note. At the date of the execution of the deed by Christian, he was indebted to said bank on his own account, and as a member of the firm of Klemsen & Christian, and on April 26, 1893, he had a partial settlement with the bank, and, upon being credited with the $1,000 so paid by Thomason, gave his note for $2,250, and took up some of his matured notes, but left in the bank several other notes on which he was liable as maker or indorser, amounting to $1,981.22. On the next day the said firm settled their account with the bank by giving it their note for $2,368.11. On May 2, 1893, Christian and wife executed to the defendant H. Hirschberg a quitclaim deed to said premises, which was recorded prior to the deed to Cooper. Thomason having made default in the payment of his note, this suit was instituted, and, the issues being joined, a trial was had by the court, which, having found for the plaintiff, rendered a decree granting the relief prayed for, from which the defendants Christian and wife and Hirschberg appeal.

AFFIRMED.

For appellants there was an oral argument by *Messrs.*

*Martin L. Pipes* and *J. J. Daly,* with a brief by *Messrs. Reuben S. Strahan* and *Martin L. Pipes,* urging these points:

The parol evidence admitted to prove the terms and conditions of the trust of which specific performance is asked is incompetent and in violation of the statute of frauds. The contention of respondents is that the statute of frauds is answered in this case by the mere fact that the trust deed from H. Christian and wife to J. S. Cooper designates the grantee as trustee. That the word trustee is deemed potent to satisfy the statute of frauds, and is in effect the conveyance or instrument in writing referred to in the statute. We contend that not only must it appear that a trust has been created or declared, but the writing itself must show the trust so created; that is to say, it must specify distinctly all the terms and conditions of the trust. It is true that a resulting trust, or one that arises by operation of law, can be proved by parol. A trustee ex maleficio cannot protect himself under the statute of frauds, but that is a very different case from one where an express trust is sought to be specifically enforced by a court of equity. Counsel for the respondents has fallen into the error of applying the law that relates to trusts of the former kind to this case, and that is shown by the authorities he cites in his brief. An examination of these authorities will show that in every one of them it was the trustee who sought to retain the property against the terms of the trust, and a resulting trust was in fact proven.

It has been held in numerous cases that a deed absolute on its face cannot be shown by parol evidence to have been made in trust for the grantor, and for the good reason that to permit this to be done would be to allow the written instrument to be contradicted by parol evidence. But in the cases cited by respondents, the court

held that the trust relationship between the parties was sufficiently shown by the designation of the grantee as trustee. As soon as that relationship is established, then parol evidence is competent, not for the purpose of establishing the trust, but for the purpose of showing that, the express trust having failed, a trust results in favor of the grantor. It arises by operation of law. But no case has been cited where a parol trust has been specifically enforced by the court, either in favor of the trustor or the trustee. On the other hand, the cases are numerous which hold that any contract concerning land must have all its terms reduced to writing before it can be specifically performed: *Irvin* v. *Ivers*, 63 Am. Dec. 420; *Ratliff* v. *Ellis*, 63 Am. Dec. 471; *May* v. *Cavendor*, 29 S. C. 598; 2 Story's Equity Jurisprudence, § 764; *Pitkin* v. *James*, 1 Humph. 327 (34 Am Dec. 654); *Atwood* v. *Cobb*, 16 Pick. 227 (26 Am. Dec. 657); *Mentz* v. *Nowwitter*, 11 L. R. A. 97, and extended notes.

And the contract cannot rest partly in parol and partly in writing: *Frink* v. *Green*, 5 Barb. 456; *Stevens* v. *Cooper*, 1st Johns. Ch. 429; *Watt* v. *Wisconsin Cranberry Co.*, 63 Iowa, 730; *Sharp* v. *Rogers*, 12 Minn. 185; *Whitaker* v. *Vanschoiack*, 5 Or. 113.

For respondents there was an oral argument by *Mr. George E. Chamberlain*, and a brief by *Messrs. Starr, Thomas & Chamberlain*, urging these points:

The deed executed by Christian and wife to J. S. Cooper, trustee, is a sufficient declaration of the trust to take the case out of the statute of frauds, and a sufficient compliance with section 781 of Hill's Code, which provides that "no estate or interest in real property, other than a lease for a term not exceeding one year, nor any trust or power concerning such property, can be created, trans-

ferred or declared otherwise than by operation of law, or
by a conveyance or other instrument in writing, subscribed
by the party creating, transferring or declaring the same,
or by his lawful agent under written authority and exe-
cuted with such formalities as are required by law."
*Waterbury* v. *Fisher*, 38 Pac. 847; *Calnan* v. *Johnson*, 34
Pac. 907; *Hall* v. *Linn*, 5 Pac. 645; *Union Pacific R. R. Co.*
v. *Durant*, 95 U. S. 576; *Duncan* v. *Jaudon*, 82 U. S. 142;
*Shaw* v. *Spencer*, 100 Mass. 382; 3 Pomeroy's Equity
Jurisprudence, § 1409, 103; Browne on the Statute of
Frauds (3d Ed.), § 111; Hill on Trustees, 61; 2 Sugden on
Vendors (14th Ed.), 437; 1 Perry on Trusts and Trustees,
§ 78.

But even if the insertion of the word "trustee" in the
instrument under which it is claimed the trust was created
is not a sufficient declaration of the trust under the stat-
ute of frauds, so as to admit parol proof in explanation of
the objects and purposes thereof (which we deny), the
mere fact that the trust was fully executed and assented
to by the parties removes the statutory bar. The rule
is, that where the oral agreement has been in good faith
so far performed that it is impossible to put the parties in
statu quo, or to compensate the doer in damages for the
breach of the agreement, and where certain specific acts of
part performance have been done, the statute no longer
applies, and equity will grant specific performance or give
compensation in damages: *Hall* v. *Linn*, 5 Pac. 645;
Browne on the Statute of Frauds, § 483; 3 Pomeroy's
Equity Jurisprudence, § 1409, note; *Meach* v. *Perry*, 1
D. Chip. (Vt.), 191; *W. Va. Oil Co.* v. *Vinal*, 14 West Va.
637; *Plymale* v. *Comstock*, 9 Or. 321; *Phillips* v. *Thompson*,
1 Johns. Ch. 131; *Parkhurst* v. *Van Cortland*, 14 Johns. 15;
*German* v. *Machin*, 6 Paige, 288; *Colson* v. *Thompson*, 2
Wheat. 266; *Blum* v. *Robertson*, 24 Cal. 142; *Wagonblast* v.
*Whitney*, 12 Or. 83; *Brown* v. *Lord*, 7 Or. 302; *Wallace* v.

*Scoggins,* 18 Or. 505; *Arnello* v. *Edinger,* 10 Cal. 150;
*Hotchkiss* v. *Downey,* 2 Day, 225; *Rosenblatt* v. *Perkins,* 18
Or. 156; *Wilde* v. *Fox,* 1 Rand. 165; *Kidder* v. *Barr,* 35 N.
H. 235; *Hawkins* v. *Hart,* 14 Ill. 42; *Eyre* v. *Eyre,* 19 N.
J. Eq. 102; *Putnam* v. *Hatty,* 24 Iowa, 425; *Kay* v. *Watson,*
17 Ohio, 27.

The evidence clearly shows that Hirschberg had full
and complete notice of the transactions between Christian
and Cooper, and between Cooper and Hirschberg, as well
as of Thomason's possession of the lands in controversy.
But, conceding that he did not have, he was in possession
of facts sufficient to put a reasonably prudent business
man upon inquiry. With the knowledge, as he admits,
that Cooper had some sort of writing from Christian with
reference to the land, and of Thomason's possession, the
only effort he made to find out the true status of the land
alleged to have been purchased by him was to telephone
to Dallas about the title and send Christian to the plaintiffs
to ascertain the amount of his indebtedness. Under
Hirschberg's testimony Christian was his agent, and he
was bound by the knowledge which Christian had with
reference to the matter: *Baker* v. *Woodard,* 12 Or. 10;
*Whitney* v. *Burr,* 115 Ill. 293; The Distilled Spirits, 11
Wall. 336; *Hart* v. *Farmers' Bank,* 33 Vt. 252; *Haywood*
v. *Nat. Ins. Co.,* 52 Mo. 181; *Choteau* v. *Allen,* 70 Mo. 290;
*Hovey* v. *Blanchard,* 13 N. H. 145; *Patton* v. *Ins. Co.,* 40
N. H. 375; *Mullin* v. *Mut. F. Ins. Co.,* 58 Vt. 113; *Lebanon
Sav. Bk.* v. *Hallenbeck,* 29 Minn. 322; *Fuller* v. *Atwood,*
14 R. I. 293; *VanSchoick* v. *Niagara F. Ins. Co.,* 68 N. Y.
434; *Ingalls* v. *Morgan,* 10 N. Y. 178; *Flower* v. *Elwood,* 60
Ill. 438; *Williams* v. *Tatnall,* 29 Ind. 553; *Wiley* v. *Knight,*
27 Ala. 336; *Dunlap* v. *Wilson,* 32 Ill. 517.

Thomason's possession was such notice as to put
Hirschberg upon inquiry. By the slightest effort he could
have ascertained the exact status of the title to the land

he now pretends to have purchased, and it was his duty
to have inquired: *Blain* v. *Stewart*, 2 Iowa, 378; *Manavdas*
v. *Heilner*, 14 Or. 451; *Musgrove* v. *Bonser*, 5 Or. 313;
*Goodnough* v. *Warren*, 5 Sawy. 494.

Though the vendee's duty in these contracts generally
consists in nothing beyond the payment of money, for which
the law would seem to afford a sufficient remedy, yet the
vendor has a right in a court of equity to compel him to
comply with his agreement by accepting the land and pay-
ing for it. And this the vendor may do even though he
may have an action at law for the purchase money, where
he has shown a full performance on his part according to
the spirit and intent of his obligation: *Baumann* v. *Pinck-
ney*, 118 N. Y. 604; *Burger* v. *Potter*, 32 Ill. 70; *Andrews*
v. *Sullivan*, 2 Gilman (Ill.), 328; *Haven* v. *Lowell*, 5 Met. 35;
*Old Colony R. Co.* v. *Scruggs*, 50 Miss. 284; *Paris* v. *Haley*,
61 Mo. 453; *Stone* v. *Lord*, 80 N. Y. 60; *Ridge* v. *Baker*,
57 N. Y. 219; *Craig* v. *Martin*, 19 Am. Dec. 157; *Willard*
v. *Fayloe*, 8 Wall. 557.

The rule with reference to the necessary parties is, that
all parties directly interested in the performance of the con-
tract must be, and all directly and specifically interested in
the subject-matter may be, joined as parties: *Gibbs* v.
*Blackwell*, 37 Ill. 191; *Chesman* v. *Cummings*, 7 N. E. 13;
*Bragg* v. *Olson*, 21 N. E. 519; 22 Am. & Eng. Enc. Law,
1066, n. 6; *Heaviner* v. *Morgan*, 30 W. Va. 335; Pomeroy's
Specific Performance of Contracts, § 483; *Hennington* v.
*Hubbard*, 33 Am. Dec. 426 n.; *Anderson* v. *Shilling*, 27 Tex.
450; *Morris* v. *Hoyt*, 11 Mich. 16; *Mfg. Co.* v. *Wire Fence
Co.*, 109 Ill. 73; *Schwoerer* v. *Boylston M. Ass'n*, 99 Mass.
285; *Willard* v. *Tayloe*, 8 Wall. 557.

The connection of Hawley with the subject-matter of
the suit appears affirmatively in the complaint, and the
objection that he was not made a party was waived by

failing to demur:   Hill's Code, § 67, subd. 4, note, and authorities cited.

All who are directly interested in the performance of the contract in this suit were made parties plaintiff or defendant.   The deed delivered to Hawley was in escrow, and did not become absolute or effective as a conveyance until the performance of Thomason of his part of the contract.   The only recourse of plaintiffs was a suit to compel Thomason to specifically perform:   *Gaston* v. *City of Portland*, 16 Or. 255; *Cannon* v. *Handley*, 13 Pac. 315.

MR. JUSTICE MOORE, after stating the facts in the foregoing language, delivered the opinion of the court:

1.   It is contended by counsel for the appellants that this is a suit to enforce a parol trust in lands, that the deed from Christian and wife to Cooper, "as trustee," failed to declare an express trust, and that parol evidence was inadmissible to explain the nature and purposes of the instrument; while counsel for the respondents maintain that the trust has been executed by the trustee with the consent of the beneficiaries, and, this being so, the bar of the statute of frauds is removed, and the door is opened for the admission of parol evidence to establish the material terms of the trust.   The parol evidence admitted at the trial, of which the defendants complain, clearly shows that Christian, being indebted to the First National Bank of Independence  on his own account, and as a member of the firm of Klemsen & Christian, entered into a contract with Cooper, who was the president of said bank, by the terms of which he agreed to convey said premises to Cooper, who was to sell the same, and out of the proceeds arising therefrom discharge the obligations of Christian and the firm of which he was a member, including any advances that might be made, and pay the remainder, if any, to Christian; that, in pursuance of this agreement, Christian and wife executed to Cooper, "as trustee," the

said deed, without specifying therein the nature of the trust; that Cooper, with the consent of Christian, entered into a verbal contract with Thomason for the sale of said land; that, in accordance therewith, he, as trustee, made to him a deed thereof, which was deposited with Hawley, and accounted with Christian for the payment made by Thomason; and that the bank, on the faith of the conveyance to Cooper, and the sale by him to Thomason, advanced money to Christian and the firm of Klemsen & Christian. The principal question for consideration is whether this evidence was admissible. If it be conceded that this is a suit to establish a parol trust in lands, it must be admitted that its introduction was in contravention of the statute of frauds, which provides that no trust or power concerning real property can be created, transferred, or declared otherwise than by operation of law, or by a conveyance or other instrument in writing, subscribed by the party creating, transferring, or declaring the same, or by his lawful agent, under written authority, and executed with such formalities as are required by law: Section 781, Hill's Code.

The rule is universal that a parol declaration of a trust will not affect the land, and for this reason parol evidence is inadmissible to establish such a trust. In *Fairchild* v. *Rasdall*, 9 Wis. 379, the court, speaking of the universality of this rule, say: "We do not feel called upon to cite authorities to show that, in the absence of fraud, accident, or mistake, parol evidence cannot be received to prove that a deed, absolute on its face, was given in trust for the benefit of the grantor." But if it be agreed that the land shall be sold and converted into money, and in pursuance thereof a sale is made, the subsequent declaration of the trust by the trustee will bind the proceeds or the money: 1 Perry on Trusts and Trustees, § 86. The reason assigned for the existence of this rule is that a trust in personal

property may be declared by parol, and a sale of the land by the trustee of a parol trust under an agreement to convert it into money changes the land into personal property, and the subsequent declaration of the trust by the trustee, being supported by the prior agreement to hold the premises in trust, furnishes a sufficient consideration for the enforcement of the declaration: *Hon* v *Hon*, 70 Ind. 135; *Mohn* v. *Mohn*, 112 Ind. 285 (13 N. E. 859); *Maffitt's Admr.* v. *Rynd*, 69 Pa. St. 380; *Wiseman* v. *Baylor*, 69 Tex. 63 (6 S. W. 743). In *Karr* v. *Washburn*, 56 Wis. 303 (14 N. W. 189), it is held that a parol trust in land is not absolutely void, but void only at the election of the trustee. The court, speaking of the power and duty of the trustee under a parol trust in lands, say: "He may execute it or not, as he chooses, and the courts will not interfere to compel him to execute it, or to restrain him from doing so. If he refuses to execute it, from thenceforth the trust, which rests only upon a moral obligation, is a nullity." Tested by this rule, it appears that the land in question was converted into personal property by Cooper under a parol agreement to apply the proceeds to the satisfaction of Christian's debts, and that, having executed the trust, he subsequently declared his liability to Christian, and accounted with him for the money received from Thomason. Such a declaration of the trust in personal property rendered Cooper liable to Christian for any balance that might be left after the satisfaction of his debts, and an action could be maintained for its recovery.

2. In such an action parol evidence would be admissible to show the parol declarations of a trust in personal property, and such evidence must be admissible, also, in equity to prove a parol declaration of the trust in land, as a consideration for the subsequent declaration. The deed to Cooper having recited a consideration of $7,000, the conveyance of the land was either absolute or in trust,

and, if the latter, the trust has been fully executed, and the subsequent declaration must take the case out of the statute; but, if the deed was absolute, Cooper would be liable to Christian for the balance of the fund, after the satisfaction of the debts agreed to be paid out of it; and in either case the facts, in our judgment, show a sufficient consideration, as between Cooper and Christian, to support the deed.

3.   The conveyance to Cooper transferred the legal title, which must prevail unless defeated by the prior record of Hirschberg's deed.   If Hirschberg, for a valuable consideration, acquired his deed without notice or knowledge of the execution of the prior deed, it must be conceded that he has the paramount legal title.   His deed recites a consideration of $6,100, but it is difficult to ascertain from the evidence what amount he has actually paid on account of the purchase.   He assumed, however, the payment of a portion of Christian's indebtedness, and agreed to pay him the balance of the purchase price, and this would furnish a valuable consideration for the conveyance. Before Hirschberg accepted the deed, he sent Christian to the First National Bank for a statement of its demand against him, and was furnished a written memorandum showing that the amount thereof was $2,482.47.   Concerning this transaction, the cashier of the bank testifies that Christian demanded, and he furnished him, a statement of his individual indebtedness, but that no request was made for a statement of the firm or other notes on which Christian was liable.   This statement cannot become the foundation of an equitable estoppel against the bank, so as to preclude it from recovering more than the amount stated in the written memorandum, because it was furnished upon a request for a statement of Christian's individual indebtedness, and not for a statement of the whole demand against him.   Nor is Hirschberg in a position to

invoke such an estoppel, for the reason that his agreement with Christian was to pay $6,100 only on account of the purchase of the premises, and hence the amount of Christian's indebtedness to the bank was immaterial. Hirschberg caused the records of Polk County to be searched, and, finding that they showed the title to the property to be in Christian, he accepted the deed; and this want of notice by the record would give him a perfect title, if it were not for the existence of certain facts of which he had knowledge.

Christian testifies that he told Hirschberg he had given Cooper some writing concerning the property, but he did not know the nature or character of the instrument, and, on cross examination, further testifies that Hirschberg knew he had given Cooper a deed of trust. Klemsen, the partner of Christian, says he heard Christian tell Hirschberg he had given Cooper a deed to the land. It also appears that Hirschberg, at the time he was negotiating for the purchase, knew that Thomason was in possession of the premises, and had a conversation with him about the payment of his note, but made no inquiry of him in relation to his right of possession. Such possession was sufficient to put a person of ordinary prudence upon inquiry concerning Thomason's right thereto, and was constructive notice of everything to which that inquiry might lead: *Shaw* v. *Spencer*, 100 Mass. 382; *Bohlman* v. *Coffin*, 4 Or. 313; *Petrain* v. *Kiernan*, 23 Or. 455 (32 Pac. 158). "As a general rule," says BEAN, J., in *Exon* v. *Dancke*, 24 Or. 110 (32 Pac. 1045), "the authorities declare that open, notorious, and exclusive possession and occupation of real estate by a stranger to the title is sufficient to put a purchaser from a vendor out of possession upon inquiry as to the legal and equitable rights of the party in possession." In *Pell* v. *McElroy*, 36 Cal. 268, the court, discussing this question, says: "He cannot be regarded as a pur-

chaser in good faith who negligently or willfully closes his eyes to visible, pertinent facts, indicating adverse interest or incumbrances upon the estate he seeks to acquire, and indulges in possibilities or probabilities, and acts upon doubtful presumptions, when, by the exercise of prudent, reasonable diligence, he could fully inform himself of the real facts of the case." We must, therefore, conclude that Hirschberg, at the time of his purchase, had constructive notice of the unrecorded deed to Cooper, if not actual knowledge of the fact, and that his title must be subordinate to the equities created by the prior deed. We are strengthened in this conclusion by the fact that Hirschberg's deed recites a consideration equivalent to the amount evidenced by Thomason's note, and the further fact that Hirschberg, soon after obtaining his deed, served on Thomason a written notice that this note was payable to him at its maturity. These circumstances tend in no small degree to show that Hirschberg knew of and acquiesced in the sale made by Cooper.

4. The next question for consideration is whether a court of equity can compel Thomason to specifically perform his oral contract of purchase. In discussing this question. it may be well to consider whether Thomason could compel a specific performance of the contract. The deed executed by Cooper, as trustee, to Thomason, and deposited with Hawley, did not contain the terms of the verbal agreement to convey the premises, and in such case it has been held that a deed deposited in escrow, unless it contained a memorandum of the agreement, was inoperative to take the case out of the statute of frauds: *Kopp* v. *Reiter*, 146 Ill. 437 (34 N. E. 942). The payment of the purchase price is not such a part performance of an oral contract to convey land as to overcome the plea of the statute, but possession in pursuance of the terms of the contract, and improvements made upon land, are sufficient for that

purpose. When possession, in pursuance of the terms of a verbal agreement to convey land, has been taken by the purchaser, he thereby acquires an equitable estate in the premises; and his notorious occupation thereof is such evidence of his equitable title as to overcome the statute, and renders parol proof admissible to establish the terms of the verbal contract upon the faith of which he has acted. Applying this rule to the case at bar, the evidence shows that Thomason, relying upon the validity of the contract made with Cooper, took and retained the possession of the land, and has made valuable improvements thereon. He alleges that he has been damaged in the sum of $1,000, but the evidence fails to show the value of the improvements made by him. It is the universal rule that courts of equity will enforce a parol contract relating to land within the statute of frauds when the refusal to execute it would amount to practicing a fraud: Browne on the Statute of Frauds, § 438. Where one party has done acts in part execution or upon the faith of the contract, with the knowledge and consent of the other, this will take the case out of the statute: *Brown* v. *Lord,* 7 Or. 302; *Plymale* v. *Comstock,* 9 Or. 321; *Wagonblast* v. *Whitney,* 12 Or. 83 (6 Pac. 399); *Wallace* v. *Scoggins,* 18 Or. 502 (17 Am. St. Rep. 749, 21 Pac. 558).

5.   It is the equitable estoppel created by force of the acts, or silent acquiescence of the party who would plead the statute of frauds, that prevents him from doing so. There is no doubt that Thomason in a court of equity could have compelled the specific performance of the contract, had he instituted a suit for that purpose; and, this being so, can the plaintiffs enforce the contract against him? To entitle a party to invoke the aid of equity for the enforcement of a verbal contract to convey real property the acts relied upon as part performance to take the case out of the statute must have been done by the

plaintiff himself: Browne on the Statute of Frauds, § 453. It is the possesion by the purchaser, in pursuance of the terms of the contract, that entitles him to the specific performance, and, upon the theory of the mutuality of the contract, it is held that the owner should have a right to enforce its terms when he has delivered possession: *Pugh* v. *Good*, 3 Watts & S. 56; Waterman's Specific Performance of Contracts, § 15; Browne on the Statute of Frauds, § 471. The deed to Cooper transferred the legal title which drew after it the possession (*Swift* v. *Mulkey*, 14 Or. 64), and this Cooper, with the consent of Christian, delivered to Thomason. The bank also, relying on the faith of the agreement, advanced money to Christian and to the firm of which he was a member, and, while the payment of the money is not such part performance of a verbal contract as to take the case out of the statute, yet, taken in connection with the delivery of the possession by Cooper as agent for the bank, it was in execution and amounted to a part performance of the terms of the contract on the part of all the parties to and interested in it, and, as Thomason could compel a specific performance of the contract to convey, the plaintiffs for like reasons are entitled to a mutuality of remedies, and can invoke and obtain the aid of a court of equity to compel the specific performance of the agreement to purchase.

6. It is contended that the decree is inoperative in that it requires Cooper to cause Hawley, who is not a party to this suit, to deliver the deed deposited with him to Thomason upon the payment of said note, or, upon the failure of Hawley to so deliver it within thirty days, that Cooper execute to Thomason a new deed, or, if Cooper neglect or refuse to do either within thirty days from the default of Hawley, that the decree operate as and for a deed to Thomason. It is alleged in the complaint that Hawley had offered and was ready and willing to deliver

the deed to Thomason upon the payment of the note, and this fact is not denied in the answer. The objection to this part of the decree must prove unavailing, for the defendants, knowing that Hawley was not a party, did not demur for defect of parties. This defect was apparent upon the face of the pleading, and the defendants, by failing to demur, have waived their objection to the non-joinder: Section 71, Hill's Code.

7. Besides, Thomason is the real party in interest, who is affected by this portion of the decree, and, not having appealed therefrom, it must be presumed he is satisfied therewith. It follows that the decree is correct..

AFFIRMED.

Mr. Justice WOLVERTON, having been of counsel in the trial in the court below, took no part in the trial or decision here.

Argued July 2; decided November 9, 1896; rehearing denied.