CASE 70.—ACTION BY S. H. COPPAGE &c., AGAINST W. C.
MURPHY, &c., FOR A RESCISSION OF A CON-
TRACT FOR A SALE OF LAND.—May 20, 1902.

## Coppage, &c, v. Murphy, &c.

Appeal from Boyle Circuit Court.

From the judgment Coppage, &c., appeal.—Reversed.

1. Conveyances—Delivery of Deed.—Appellant executed a deed
   of conveyance for some lots to appellee, and recited that the
   consideration was paid, but it was agreed that the deed
   should be attached to the draft to be delivered to the pur-
   chaser upon the payment of the draft. The draft was pro-
   tested for non-payment. Afterwards a creditor of appellee
   sought to subject the lots to the payment of the debt. Held,
   that said lots are not subject to the payment of the debts of
   appellee, as there had been no delivery of the deed, and
   appellant is entitled to a cancellation of same.
2. Construction of Statutes—Liens.—Section 2358, Kentucky
   Statutes, providing that a vendor can assert no lien for un-
   paid purchase money against creditors on account of failure
   to state what part of the consideration remains unpaid,
   has no application where there has been no delivery of the
   deed.

CHAS. H. RODES and JOHN W. RAWLINGS for appellant.

CHAS. C. FOX, for appellee Tribble.

OPINION OF THE COURT BY JUDGE O'REAR—Revers-
ing.

S. H. Coppage owned some lots in Junction City,
Boyle county. He contracted on February 3d, 1900,
to sell them to W. C. Murphy, who lived at Madison,
Wisconsin. Murphy represented himself as contem-

plating removing a large furniture factory to Junction City, and as being able to pay for the lots. He requested appellant Coppage to have the deed recite the consideration as paid, to have the deed recorded, and then to attach it to a draft to be drawn by Coppage on Murphy, payable at Madison, Wisconsin. The sale was for cash and was conditioned upon the draft being paid. On the 8th of February, 1900, appellee Tribble endorsed for Murphy a draft for $80.00 on a party at Madison, Wisconsin. This draft was cashed by one of the banks of Danville. Both drafts were protested for non-payment.

Tribble then sued out an attachment and caused it to be levied on the lots embraced in the deed from appellant Coppage. Coppage's deed to Murphy was not lodged for record nor recorded until the 9th of February, 1900. Tribble claims that he became the creditor of Murphy relying upon the fact of and the recitations in the deed from Coppage. Coppage brought his suit against Murphy for a rescission and to clear his title of the encumbrance caused by the recording of the deed. The circuit court adjudged that there was a delivery of the deed from Coppage to Murphy; but there was no fraud in the transaction; that Coppage should pay all the costs of the two suits, and then was given a lien on the lots for the purchase money, after which Tribble was given a lien on the lots for the debt for which he had attached.

We are of opinion that the court erred in each of these findings. Ordinarily the acknowledgment of a deed and placing it to record by the grantor imports a previous delivery by him to the grantee. These circumstances, however, may be so explained as to rebut this presumption. In the case at bar we are of

opinion that they showed that there was not a delivery in contemplation of law.

We are furthermore of opinion that there was a failure of consideration in that Murphy failed to pay for the land at the time stated as a condition to the delivery of the deed, and that time was of the essence of this particular transaction.

From all the circumstances shown in the record we further conclude that there was a fraudulent design upon the part of Murphy that vitiated the transaction. The circuit court should have restored Coppage to his title without decreeing a sale of his property, and should have cancelled the deed from Coppage to Murphy.

Tribble relies upon section 2358 of Kentucky Statutes:

"When any real estate shall be conveyed, and the consideration, or any part thereof remains unpaid, the grantor shall not have a lien for the same against bona fide creditors and purchasers, unless it is stated in the deed what part of the consideration remains unpaid."

There are two reasons why this section is not available to appellee Tribble. First. Inasmuch as the deed was not delivered the real estate was not conveyed. Second. Tribble could not have relied upon such a deed neither of record nor filed for record before he became the endorser for Murphy because the facts are the deed was neither lodged for record nor recorded until the day after Tribble's liability attached. True, Tribble testifies that the clerk told him that the deed recited that the consideration was all paid. The clerk must have learned this fact on the occasion when the deed was acknowledged on the 3d of February. But that was not sufficient to constitute an estoppel,

because the clerk did not tell and could not have told Tribble, and it would not have affected the case if he had, that the deed had been delivered and recorded, because as a matter of fact it had never been delivered nor recorded as of the date of the alleged conversation. Coppage remained in the possession of the premises, and this fact, too, was sufficient to have put Tribble upon inquiry as to the nature and condition of his holding. (Hopkins v. Garrard, 7 B. Mon. 313; McGeorge v. Lyttle, 7 L. Rep. 526).

The judgment is reversed, and remanded with directions to dismiss Tribble's petition so far as it seeks to subject these lots; to set aside the deed from Coppage to Murphy upon Coppage executing a bond to the non-resident Murphy as required by the Code, and for such further proceedings as may be necessary and not inconsistent herewith.