Argued December 11, affirmed December 29, 1914, rehearing denied
January 19, 1915.

## SCHOOL DISTRICT No. 43 v. VEACH.

### (144 Pac. 1156.)

**Ejectment—Lease—Expiration—Question for Jury.**

1. Where plaintiffs in ejectment claimed under an unrecorded
lease from the common source of title limiting the term to the time
the property was used as a site on which to build a district school-
house, evidence *held* to require submission to the jury of the question
whether such use had terminated when defendants acquired title.

> [As to supplementing lease with collateral oral agreement, see
> note in Ann. Cas. 1914A, 456.]

From Lane: James W. Hamilton, Judge.

Department 1.   Statement by Mr. Justice Burnett.

This is an action of ejectment brought by school dis-
trict No. 43 in Lane County, Oregon, against the de-
fendants to recover possession of a tract of land 120
feet long by 65 feet wide, formerly owned by R. B.
Cochran, from whom both parties deraign title.   The
plaintiff claims under a lease dated January 17, 1863,
the *habendum* clause in which is "to have and to hold
the said premises so long as the same may be used
for a site on which to build a district schoolhouse."
The defendants claim under deeds from Cochran and
his successors in interest conveying them the fee-
simple title to a larger holding, including the tract in
dispute.   The lease was not recorded.   The plaintiff
appeals from a judgment rendered upon a verdict of
the jury in favor of the defendants.

Affirmed.   Rehearing Denied.

For appellant there was a brief over the names of
*Messrs. Woodcock, Smith & Bryson* and *Messrs. Fos-
ter & Hamilton,* with an oral argument by *Mr. Rich-
ard S. Smith.*

For respondents there was a brief over the name of *Messrs. Thompson & Hardy*, with an oral argument by *Mr. Helmus W. Thompson*.

Mr. Justice Burnett delivered the opinion of the court.

The sole question presented for our consideration is the alleged error of the court in not directing the jury to return a verdict for the plaintiff because, as it contends, the undisputed testimony shows that the defendants purchased the property in controversy with full knowledge of the possession of the tract by the plaintiff, and that the defendants were not innocent purchasers. There was testimony tending to show that prior to 1892 there was a schoolhouse on the realty in dispute which was moved off and a new one built projecting from adjoining land about 10 feet upon the premises here involved. This was used for school purposes until some time in November, 1911, when the district, having built a new schoolhouse about 40 rods distant, took out of the old structure all the furniture of any value, installed it in the new building, and left the former unoccupied until the autumn of 1913. During this time most of the windows were broken by boys throwing stones through them, and the walks leading to it were torn up. On December 28, 1912, the defendants bought from their immediate grantor the land including the plat in question and paid $1,500 in cash. Before buying they caused the record of conveyances to be examined and an abstract made which failed to disclose any title in the plaintiff or any connection with the title on its part. It is conceded, as stated above, that the lease was never recorded. The testimony tends to show that it was not until about two months after the de-

fendants purchased that they were informed of the
existence of the lease in question. They took posses-
sion of the land soon after they bought, and fenced it
to the exclusion of the plaintiff. Other testimony
tends to show that, after the old building had re-
mained idle more than a year, the plaintiff established
in it a cooking school as part of its curriculum.

The contention of the plaintiff is that, under all
these circumstances thus narrated, the defendants
were put upon inquiry which would have disclosed the
lease mentioned, and that hence the court should have
directed a verdict for the plaintiff. Conceding as a
postulate that the lease was established and that the
plaintiff had previously used the ground on which to
erect a schoolhouse, we may well say that there is evi-
dence of facts which would put the defendants upon
inquiry when about to purchase the land: *Stannis* v.
*Nicholson,* 2 Or. 335; *Bohlman* v. *Coffin,* 4 Or. 314;
*Musgrove* v. *Bonser,* 5 Or. 317 (20 Am. Rep. 737);
*Exon* v. *Dancke,* 24 Or. 113 (32 Pac. 1045); *Cooper* v.
*Thomason,* 30 Or. 173 (45 Pac. 296); *Ambrose* v.
*Huntington,* 34 Or. 490 (56 Pac. 513); *Randall* v.
*Lingwall,* 43 Or. 383 (73 Pac. 1). This, however, is
not all the case. The ultimate question to be deter-
mined is the title to the property. All the inquiry
could have disclosed was the existence of the lease in
question. Whether that document was still in force
was not to be determined by its mere execution.
Remembering that it was to operate only so long as
the premises described therein ''may be used for a
site on which to build a district schoolhouse,'' we find
that there was evidence which was sufficient to go to
the jury on the question of the surrender of the
premises. It is not disputed that the plaintiff had
built a new schoolhouse some distance from the tract

described in the complaint. The jury was authorized from the testimony already mentioned to believe that the use of the property as a schoolhouse site had been discontinued by the plaintiff, and it was without controversy that the defendants as successors in interest of the lessor in the fee had taken possession of the *locus in quo*. Without commenting on the weight of the testimony, which is beyond our province, we can only say that whether the lease was terminated by a surrender resulting by operation of law from the acts of the parties is a question of fact to be determined by the jury: *Brewer* v. *National Union Building Assn.,* 166 Ill. 221 (46 N. E. 752); *White* v. *Walker,* 31 Ill. 422; *Kneeland* v. *Schmidt,* 78 Wis. 345 (47 N. W. 438, 11 L. R. A. 498). Under such conditions, it was incumbent upon the Circuit Court to submit the question to the jury accompanied by proper instructions. We presume the court's directions to the jury were sound because the plaintiff has pointed out no error in them. Further than this, we cannot set aside the verdict because we are not able affirmatively to say there is no evidence to support it.

In brief, all that an inquiry under any condition of the case would have disclosed was the existence of the lease. Whether the tenancy under it still continued depended upon the equivocal situation disclosed by the testimony, calling for a solution by the verdict of the jury. The court was not authorized to say as a matter of law that the plaintiff's estate was still in effect or had been surrendered.

Finding no error, the judgment is affirmed.

AFFIRMED. REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.