[Filed April 11, 1892.]

## J. W. RAYBURN v. R. M. DAVISSON ET AL.

POSSESSION OF LAND—NOTICE TO SUBSEQUENT PURCHASERS.—A person taking a conveyance of, or incumbrance upon, land when another is in the actual and visible possession thereof, will be affected with notice of everything in relation to the title which could be known on diligent inquiry; and where a party has notice of such facts as should put a prudent man on inquiry, a failure to make such inquiry is visited with all the consequences of actual notice. *Wood* v. *Rayburn*, 18 Or. 1, followed and approved.

PRINCIPAL AND AGENT—NOTICE TO AGENT.—If information received by an agent, acting within the scope of his authority, be of a character which makes it his duty to communicate the same to his principal, the latter is bound by the notice arising from the information, although it was not received by the agent in the identical transaction to which the notice relates.

PRACTICE ON APPEAL—DEFECTIVE DENIALS—WAIVER OF OBJECTION.—Where the evidence has all been taken, and the case has, without objection, been heard to a final decree on an issue that is defective by reason of argumentative denials in the answer, neither party will be heard to complain of the error for the first time in the supreme court.

Benton county: M. L. PIPES, Judge.

Plaintiff appeals. Affirmed.

*J. W. Rayburn,* for Appellant.

*John Burnett, John Kelsay,* and *W. S. McFadden,* for Respondents.

LORD, J.—This is a suit to foreclose a mortgage on certain real property described in the record. The complaint

is in the usual form. The mortgagors made default. The defendants Davisson and Hartless, after denying the facts alleged, set up two separate defenses. The agreed facts are in substance, that on the sixth day of November, 1886, the defendant S. Rayburn and wife made, executed, and delivered to E. L. Rayburn the note and mortgage on the real property mentioned in the complaint in this suit; that the same was duly recorded, and that in April, 1887, the said E. L. Rayburn sold and assigned the said note and mortgage to this plaintiff; that in the year 1888, one Alexander Wood brought a suit in the circuit court of said county against S. Rayburn for the purpose of making a charge or lien upon said real property herein mentioned of the sum of five hundred and ninety-one dollars, and that in 1889 a decree was rendered therein to that effect, and that the said property be sold to satisfy the same; that subsequently the said real property was sold by the sheriff by virtue of an execution issued upon said decree, and at such sale the defendants Davisson and Hartless became the purchasers; that the said sale was duly confirmed and a deed made by the sheriff, which has been duly recorded. It is stipulated by the parties that the evidence in the case of *Wood* v. *Rayburn*, 18 Or. 1, shall be taken as evidence in this suit. In *Wood* v. *Rayburn*, *supra*, it was held that the defendant had such notice of the rights and equities of the plaintiff as to put a prudent man on inquiry, and as a consequence he was charged with all the consequences of actual notice. As the evidence to be applied in this case is the same as was applied in that case, our first inquiry is, whether the plaintiff is affected with notice of the equities of Wood. The facts show that Wood was in possession of the land under a contract with Mary E. Huffman in July, 1881, and that some years thereafter, while he was still in possession under a deed, which, for want of proper acknowledgment, was defective, she made a conveyance of the same land to E. L. Rayburn, the brother of the plaintiff, who

conducted the whole transaction for him, and the tranfer of the same property to S. Rayburn, his father, who gave the note and motgage in this suit to E. L. Rayburn, which was subsequently transferred to the plaintiff, and upon which this suit for foreclosure was brought.

It is not possible to read the evidence of the transactions by the Rayburns which took place in reference to this property while Wood was in possession without being strongly impressed with the conviction that the plaintiff had actual notice of the equities of Wood. His dealings with Mrs. Huffman in respect to this property lead strongly to this conclusion. As he dealt with her at the time the deed was executed to his brother, and was the principal actor in the matter, his conversation with her in respect to the taking of the deed, and all the circumstances surrounding the transaction, indicate that he must have had some information or knowledge of Wood's equities in the land. He knew when he took this mortgage from his brother that the mortgagor, his father, had never been seized nor in possession of the land until 1886, and the evidence of Felger is to the effect that he obtained possession then by force; but the evidence does show that Wood was in possession of the land from July, 1881, until S. Rayburn, the father, obtained possession of it as indicated. Mrs. Huffman was not in possession when she made the deed to E. L. Rayburn, and Wood was in possession, open and notorious, at that time, and for several years preceding. This mortgage was taken on the land with notice of all these facts.

It is not necessary to specify the circumstances in detail. The proposition is elementary that possession of land constitutes one kind of notice. Open and exclusive possession is sufficient to put a purchaser upon inquiry. (*Fair* v. *Stevenot*, 29 Cal. 486; *Pell* v. *McElroy*, 36 Cal. 268.) "The rule is," said DOWNER, J., "that possession to be notice must be open, visible, exclusive, and unambiguous, not

liable to be misunderstood or misconstrued." (*Ely* v. *Wilcox*, 20 Wis. 523.)

In *Moyer* v. *Hinman*, 13 N. Y. 180, the plaintiff was in actual possession of farming lands, under a contract of purchase; and that circumstance was held notice to all persons who had subsequently become interested in the premises, of all the plaintiff's rights under his contract. In *Bank* v. *Flagg*, 3 Barb. Ch. 316, it was held that the actual possession of the premises by the tenant of a purchaser, was constructive notice to subsequent mortgagees of the equitable rights of such purchaser. There must be actual possession, manifested by such acts of ownership as would be observed by others. (16 Am. & Eng. Ency. Law, 802.) A person taking a conveyance of land when another is in the actual and visible possession thereof, will be affected with notice of everything in relation to the title which could be known on diligent inquiry. Where a party has notice of such facts as should put a prudent man on inquiry, a failure to make such inquiry is visited with all the consequences of actual notice. (*Wood* v. *Rayburn*, 18 Or. 1.)

The possession of Wood was of that open and visible character, and manifested by such acts of ownership, as would have been observed and known. Where such is the case, notice will be imputed,—there is no other reasonable inference from the facts. The reason is, that when such facts come to the knowledge of the purchaser, or subsequent incumbrancer, the law requires him to pursue it until it leads to notice. "Whatever," said STERRETT, J., "puts a party on inquiry amounts to notice, provided the inquiry becomes a duty, as in the case of purchasers and creditors, where the inquiry, if pursued, would lead to knowledge." (*Parke* v. *Neeley*, 90 Pa. St. 59.) The plaintiff here was agent for the defendant in the transaction which culminated in the suit of *Wood* v. *Rayburn*, *supra*. His conduct in that negotiation and transaction indicated that

he thought and believed the deed of Mrs. Huffman to Wood was void. He knew that Mrs. Huffman was not in possession when the deed to his brother, E. L. Rayburn, was made, and that Wood was in possession of the land. The fact of Wood's open and exclusive possession from July, 1881, confronted him. As the agent of his brother in that transaction, he had notice of all these matters. It is a general rule that notice to an agent is notice to the principal. "Whenever the agent," says Mr. Wharton, "acting within the scope of his duties for his principal, receives notice in a matter in which he represents the principal, such notice is notice to the principal, although the notice is not received in the identical transaction to which the notice relates. The test is, whether the information was of a character which it was the duty of the agent to communicate. If so, it binds the principal." (Wharton's Agency, § 178.) And in consonance with this principle, the matters of which J. W. Rayburn, the plaintiff here, as agent, had notice, was held to bind the defendant in *Wood* v. *Rayburn,* 18 Or. 1. When the plaintiff in this case subsequently took his mortgage by assignment from E. L. Rayburn, who had sold the land to his father, the defendant in *Wood* v. *Rayburn,* and took from him the mortgage so assigned, it was with a knowledge of all these facts,— of Wood's open and exclusive possession under his contract,—and we must conclude that the plaintiff and his assignor had notice of the same when such mortgage was taken and when it was assigned. In a word, we are satisfied from the evidence that the plaintiff was chargeable with notice of Wood's equities when he took the assignment of the mortgage. Nor has he ever denied such notice. His mortgage must, therefore, be considered the junior incumbrance, subject to the lien of Wood on the land in question for his purchase money. The result is, that the sale of the land to Davisson and Hartless transferred to them the lien of Wood, and as his successors they have a lien prior to the plaintiff.

On the argument, it was suggested that the answer failed to deny the allegation in the complaint that the defendants' interest was subsequent and subject to plaintiff's mortgage. That allegation is not, in so many words, denied by the answer, but it is denied argumentatively by alleging Wood's purchase of the land of the Huffmans, on the ninth of July, 1881. This antedates the mortgage, and is denied by the reply. Such a method of forming issues is irregular, and not to be encouraged; but when the evidence has all been taken, and the case has proceeded to trial without objection on an issue that is defectively stated, we do not think that either party should be permitted to raise the objection in this court for the first time.

The case is here upon its facts, and as such we have examined and decided it. Owing to some matters in the brief and the evidence set out in *Wood* v. *Rayburn*, 18 Or. 1, stipulated to be used in this case, we take occasion to say that it does not appear to us from the evidence that the deed of Mary E. Huffman to E. L. Rayburn was changed or altered by J. W. Rayburn after she signed it. On the contrary, the preponderance of the evidence is the other way, and this statement is made to avoid any inference of that kind; but in the view we have taken of this case, the consideration of this question becomes unnecessary.

The decree of the court below must be affirmed.