Decided 30 July, 1900.

**CROSSEN *v.* OLIVER.**

[ 61 Pac. 885.]

PRIORITY BETWEEN JUDGMENT AND UNRECORDED DEED.*

1. In a contest between rival claimants to land under a judgment and an unrecorded deed, it is not sufficient to instruct the jury that the judgment must have been taken in good faith and without notice or knowledge of such deed to give it precedence, but the manner and kind of notice should have been explained.

ALTERED RETURN ON WRIT AS EVIDENCE—CODE, § 788.

2. The fact that an erasure appears in a sheriff's return on a writ does not render the return inadmissible in evidence, where it is shown that the erasure is in the sheriff's handwriting, and was made before the return was filed: *Nickum* v. *Gaston,* 28 Or. 322, applied.

JUDGMENT AS EVIDENCE OF DEBT AT THE DATE OF ITS RENDITION.

3. A judgment entered in the usual course of judicial proceedings is conclusive evidence against persons claiming under the debtor that he was justly indebted to plaintiff to the amount of such judgment at the date of its entry, in the absence of fraud and collusion.

---

*NOTE.—Priority of lien between judgment and unrecorded conveyance: *Vaughn* v. *Schmalsle,* 10 L. R. A. 411; *Blum* v. *Schwartz,* 16 L. R. A. 668: *Riley* v. *Martinelli,* 21 L. R. A. pp. 33, 35, 33 Am. St. Rep. 209; *Warnock* v. *Harlow,* 31 Am. St. Rep. p. 217.

How far a purchaser at an execution or judicial sale is protected as a *bona fide* purchaser: *Riley* v. *Martinelli,* 21 L. R. A. 33-54, 33 Am. St. Rep. 209; *Shirk* v. *Thomas,* 16 Am. St. Rep. pp. 387, 388; *Boos* v. *Morgan,* 30 Am. St. Rep. p. 246.

REPORTER.

CIRCUMSTANCES EQUIVALENT TO NOTICE*—BONA FIDE PURCHASER.

4. In a contest between opposing claimants under a judgment and an unrecorded deed an instruction that "the notice that will render a party a lienholder' in bad faith must be something more than would excite the suspicion of a cautious and wary person. It must be so clear and undoubted, with respect to the existence of a prior right, as to make it fraudulent in him afterwards to take and hold the property,"—is correct, and is supported by *Bowman* v. *Metzger*, 27 Or. 23, and *Raymond* v. *Flavel*, 27 Or. 219.

DEED—PRESUMPTION AS TO DATE OF DELIVERY.

5. Where the date of a deed appears in evidence but not the date of its acknowledgment, it will be presumed that it was delivered on the day of its execution.

From Union : ROBERT EAKIN, Judge.

Ejectment by M. S. Crossen against E. W. Oliver. From a judgment in favor of defendant, plaintiff appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. L. A. Esteb.*

For respondent there was a brief over the names of *Thos. H. Crawford* and *Turner Oliver*, with an oral argument by *Mr. Crawford.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is an action by M. S. Crossen against E. W. Oliver to recover the possession of real property. The plaintiff claims under a deed from Mrs. M. M. Caldwell, dated January 25, 1895, and recorded February 27, 1896 ; and the defendant claims title from the same party by sheriff's

---

*NOTE.—The subject of Duty regarding knowledge of extraneous circumstances is considered in notes to the following cases : *Lyons* v. *Leahy* (Or.), 3 Am. St. Rep. 133 ; *State* v. *Mason*, 34 Am. St. Rep. at p. 398 ; *Mercantile Nat. Bank* v. *Parsons*, 40 Am. St. Rep. p. 305 ; *Kirsch* v. *Tozier*, 42 Am. St. Rep. p. 733 ; *Pleasants* v. *Blodgett*, 42 Am. St. Rep. p. 627 ; *Doran* v. *Dazey*, 57 Am. St. Rep. p. 555 ; *Batt* v. *Mallon*, 7 L. R. A. 840.

Unrecorded deeds as constructive notice to subsequent *bona fide* purchasers. See *Anthony* v. *Wheeler*, 17 Am. St. Rep. 281 ; *Pleasants* v. *Blodgett*, 42 Am. St. Rep. p. 627 ; *Doran* v. *Dazey*, 57 Am. St. Rep. p. 555 ; *Batt* v. *Mallon*, 7 L. R. A. 840.

Constructive notice from records. See *Kirsch* v. *Tozier*, 42 Am. St. Rep. p. 733 ; *Pyles* v. *Brown*, 69 Am. St. Rep. p. 797.—REPORTER.

sale under an execution issued upon a judgment rendered in favor of Turner Oliver and against Mrs. Caldwell April 2, and docketed April 4, 1895. There were two trials in the court below. At the first the plaintiff had a verdict in accordance with the prayer of his complaint, and at the second the verdict was for the defendant, upon which judgment was rendered dismissing the action, and plaintiff appeals.

1. The first assignment of error is based upon the action of the court in setting aside the first verdict and granting a new trial. The reason assigned by the court for such action is that the jury were imperfectly instructed relative to the sufficiency of the notice or knowledge of Turner Oliver in respect to Crossen's unrecorded deed to render his judgment inferior and subject thereto. The court instructed the jury that a judgment, in order to have precedence over an unrecorded deed, must have been taken in good faith and without notice or knowledge of such deed, but the method or the manner of the notice that would suffice to subordinate the judgment lien was not further or more particularly described or defined. The plaintiff argues that the instruction was favorable, rather than prejudicial, to the defendant, and therefore that he has no cause of complaint. But in this we cannot concur. For aught we know, the jury may have been induced to base a finding of notice upon slight circumstances, remotely disconnected from the subject, and wholly insufficient to warrant it. It is evident from the instructions contained in the record that there was an issue relative to the manner of notice requisite to the subordination of the judgment lien to the unrecorded deed, and the court very properly held that the jury should have been further instructed in the premises.

2. In the course of the second trial the defendant called G. W. Benson, the county clerk, and *ex officio* clerk

of the circuit court, who identified the judgment roll in the case of *Turner Oliver* v. *M. M. Caldwell*, and the same was introduced in evidence. The witness was then shown the execution under which the land had been sold at sheriff's sale, with the accompanying return, which, on being identified, the defendant attempted to introduce in evidence, whereupon the plaintiff objected because it appeared from the paper that changes had been made in the return which had not been accounted for or explained. It was then shown by the witness that he knew and was familiar with the handwriting of J. F. Phy, the sheriff, and that the return was in his handwriting; that the name "Turner" had been erased, and the initials "E.W." inserted, so as to make it read "E. W. Oliver," instead of "Turner Oliver;" and that the change had been made prior to the filing of the return in his office. The execution and return were thereupon admitted in evidence over objection, and error is assigned. It is the duty of the sheriff to make the return and file it with the clerk, and in this instance it appears that it was so made and filed; that it was in the identical condition, as regards the erasure and change, when filed as when offered in evidence; and that the handwriting in which the change was effected was that of the sheriff who made the return. It is a reasonable presumption, under such conditions, that the change was made by the sheriff when making the return. At any rate, it appears that there has been no erasure or change made therein since it was filed, and hence it was competent as evidence, under Section 788, Hill's Ann. Laws. See *Nickum* v. *Gaston*, 28 Or. 322 (42 Pac. 130). And a memorandum of sales made by the sheriff, subsequently offered for the purpose of showing that a change had been made in the return, was properly excluded. Such evidence would operate to impeach the return, and it was professedly not offered for that pur-

pose.   The return showed upon its face that a change had
been made therein, but it was evidently made by the offi-
cer whose duty it was to prepare it, and the same was
filed and became effective in that form, so that the proffer
of the memorandum was irrelevant for the purpose de-
signed.

M. S. Crossen, the plaintiff, took the stand in his own
behalf, and testified, among other things, that Mrs. M.
M. Caldwell executed a deed to him of the land in ques-
tion, and that he received the same from her ;   that the
consideration therefor was a year's labor and three cows,
for which Mrs. Caldwell was indebted to him ;   and that
she turned the land over to him for such indebtedness.
The deed was handed to the witness and identified by him
as the one she had executed, whereupon it was offered in
evidence.    It was regularly and duly executed, dated Jan-
uary 25, 1895, and had indorsed thereon the recorder's
certificate, showing that it had been recorded February
27, 1896.    The witness further testified that he went into
possession of the land in the spring of 1895, and remained
in possession until the spring of 1897, when E. W. Oliver
entered thereon.    There was other evidence offered, with
a view of showing that at the time Turner Oliver obtained
judgment against Mrs. Caldwell he had either direct notice
or had acquired knowledge of such pertinent and relevant
facts as made it incumbent upon him to make further in-
quiry, which, if made, would have led to positive infor-
mation touching the existence of Crossen's unrecorded
deed.    In view of the evidence thus adduced, the court
gave instructions as follows :   "(11) If you find from the
evidence in this case that Turner Oliver had a valid and
subsisting claim against M. M. Caldwell, and he obtained
judgment thereon in good faith, and without notice or
knowledge of the existence of this unrecorded deed from
her to the plaintiff here, M. S. Crossen, then I instruct

you that entering and docketing this judgment before the recording of this deed would make such judgment a valid lien upon the land, prior in time and right to this unrecorded deed, and you should find for the defendant. (12) I instruct you that this judgment offered in evidence in favor of Turner Oliver is a valid and subsisting judgment as of the date of its entry and docketing, which is the fourth day of April, 1895, and that this judgment became a lien upon the land in question from the said date, prior in time and right to this unrecorded deed from M. M. Caldwell to plaintiff, Crossen, which was recorded February 27, 1896, unless you should further find that Turner Oliver, at or prior to the time he obtained and had docketed this judgment, had notice or knowledge of this unrecorded deed to Crossen. (13) The notice that will render a party a lienholder in bad faith, must be something more than would excite the suspicion of a cautious and wary person. It must be so clear and undoubted with respect to the existence of a prior right as to make it fraudulent in him afterwards to take and hold the property. In this case notice or knowledge that would bind Turner Oliver, and render his judgment subject to the unrecorded deed of Crossen, must be either actual knowledge of the existence of this deed, or actual notice of such facts and circumstances as would have enabled him, by following up such information, to have ascertained that Crossen held this deed and claimed this land. (14) I instruct you, gentlemen of the jury, that unless you find from the testimony that Turner Oliver had information that M. S. Crossen was the owner of the land in question at the time he took judgment against M. M. Caldwell, or at the time had information that put him on his inquiry, and that such inquiry, if pursued, would have developed the fact that Crossen was the owner, or claimed to be the owner, of the lands in question, you should find for the

defendant.   (15) The deed only takes effect as a convey-ance of the land from the date that it was delivered to Crossen by Mrs. Caldwell.   There is no presumption that a deed is delivered on the date of its execution.   If it is not shown to have been actually delivered before the re-cording of it, it will be presumed to have been delivered at the time of the date of the recording.   (16) If it is not shown by the proof to have been delivered prior to April 4, 1895, then there is no question of notice to Oliver to be considered by you.''

3.   A criticism is made that instructions 11 and 12 are conflicting, in that by the former the jury were told that Oliver had a valid and subsisting judgment lien, superior to Crossen's unrecorded deed, provided it was founded upon a valid and subsisting claim, and was obtained in good faith without notice of such deed, while by the latter they were instructed that Oliver's judgment was valid as of its purported date, which is prior in time and right to Crossen's deed, unless prior thereto Oliver had notice or knowledge thereof, thereby eliminating the condition that the judgment must have been based upon a valid demand and obtained in good faith.   What is contained in the latter instruction touching the prior notice or knowledge of the unrecorded deed sufficiently covers the question of good faith, when the instructions are construed in *pari materia*, as they ought to be.   A judgment, when ren-dered in the regular course of judicial proceedings by a court of competent jurisdiction, is, in the absence of fraud or collusion, conclusive evidence against grantees claim-ing under the judgment debtor that the relation of debtor and creditor existed between the parties to the record, and of the amount of the indebtedness :   *Pickett* v. *Pipkin*, 64 Ala. 520 ;   *Swihart* v. *Shaum*, 24 Ohio St. 432 ; 12 Am. & Eng. Enc. Law ( 1 ed.), 86, 149d.   The judgment not hav-ing been attacked for fraud or collusion, its validity was

not in controversy.   The latter instruction was therefore unobjectionable.   The former went further than was necessary, but not to the injury of the plaintiff.

4.   It is more seriously urged, however, that it was error for the court to inform the jury that "the notice that will render a party a lienholder in bad faith must be something more than would excite the suspicion of a cautious and wary person.   It must be so clear and undoubted with respect to the existence of a prior right as to make it fraudulent in him afterwards to take and hold the property."   This language was approved in *Raymond v. Flavel*, 27 Or. 219, 246 (40 Pac. 158), and supported by *Bowman v. Metzger*, 27 Or. 23 (39 Pac. 3, 44 Pac. 1090).   The doctrine, as it respects a purchaser in good faith, is fully discussed in these cases, and the proper rule in the premises ascertained and determined.   It will be found from an examination thereof that the plaintiff had quite as favorable instructions upon the subject as he could reasonably ask, and he cannot, therefore, be heard to complain.

5.   The next and last complaint is of the court's instruction touching the presumption that obtains where a deed is shown to have been delivered, and there is no evidence touching the date or time of its delivery, except what appears by the deed itself.   The bill of exceptions does not show that there was any testimony introduced fixing the actual date upon which Caldwell delivered the deed to Crossen, and the matter was apparently left for ascertainment through the legal presumption that would follow when it is shown, without more, that the deed had been actually delivered.   Where the deed and its acknowledgment bear the same date, the authorities are in perfect accord to the effect that where the deed is found in the possession of the grantee, or a delivery is shown, without fixing the date at which it is made, the

presumption is that it was delivered at the time it bears date. There is a disagreement among the authorities whether the date of the deed or of the acknowledgment should prevail, where they are not in accord. The presumption is disputable, however, and the date of its actual delivery may be proven *aliunde:* 9 Am. & Eng. Enc. Law (2 ed.), 152, 153 ; *Kendrick* v. *Dellinger*, 117 N. C. 491 (23 S. E. 438); *Ten Eyck* v. *Whitbeck*, 35 N. Y. Supp. 1013; *McGee* v. *Allison*, 94 Iowa, 527 (63 N.W. 322); *Nichols* v. *Sadler*, 99 Iowa, 429 (68 N. W. 709) ; *Geiss* v. *Odenheimer*, 4 Yates, 278 (2 Am. Dec. 407) ; *Breckenridge* v. *Todd*, 3 T. B. Mon. 52 (16 Am. Dec. 83); *Hall* v. *Benner*, 1 P. & W. 402 (21 Am. Dec. 394). The date of acknowledgment of the deed in question is not shown, as we have not the instrument before us, but the date of the deed appears in the record ; and, under this condition, the presumption ought to prevail that it was delivered at the date which it bears of its execution. The instruction touching the presumption that should obtain under the condition stated was therefore erroneous.* The sixteenth instruction is a logical sequence from the one under discussion, but it is not sound, in view of the rule as we have ascertained it to be touching the presumption that should apply as to the time of delivery. The true rule does not put the question of notice out of the case, as did the one adopted by the court below. These considerations reverse the judgment below, and it is so ordered.    REVERSED.

---

*The instructions were as follows: (15) "The deed only takes effect as a conveyance of the land from the date that it was delivered to Crossen by Mrs. Caldwell. There is no presumption that a deed is delivered on the date of its execution. If it is not shown to have been actually delivered before the recording of it, it will be presumed to have been delivered at the time of the date of the recording. (16) If it is not shown by the proof to have been delivered prior to April 4, 1895, then there is no question of notice to Oliver to be considered by you."—REPORTER.