Argued May 5, decided May 21, 1912.

## CANTWELL v. BARKER.*

[124 Pac. 264.]

SPECIFIC PERFORMANCE—COMPLAINT—CONSTRUCTION.

1. Plaintiff sued for specific performance of a contract to convey land and for possession, alleging payment of the price, and asking for a decree requiring the vendors to convey the lots which had been attached by the vendor's creditor and sold to him on execution. Plaintiff filed a supplemental complaint making the purchaser a party defendant, alleging his purchase under execution, that he had knowledge of plaintiff's claim, and asking that he be decreed to have no interest therein. *Held* that, while the prayer of the supplemental complaint was misleading, its allegations were sufficient to bring the purchaser into the suit as a party in privity of title with the defendant vendors.

SPECIFIC PERFORMANCE—PARTIES.

2. Where, prior to the sale of land under execution against the vendors, it had been sold to complainant, who was in possession and had paid the price, the execution purchaser was a proper and necessary party to complainant's suit for specific performance.

EXECUTION—NOTICE TO PURCHASER—POSSESSION OF LAND.

3. Where a vendee had possession at the time the land was levied on as the property of the vendors, such possession was notice to the judgment creditors, who purchased at the execution sale, of the vendee's equity and of all facts that an inquiry would disclose.

VENDOR AND PURCHASER—CONTRACT OF SALE—PROOF.

4. Evidence *held* to sufficiently establish the existence of a contract for the sale of real property as between the vendee and a purchaser under execution against the vendors.

FRAUDS, STATUTE OF—CONTRACT TO CONVEY LAND—POSSESSION.

5. Where plaintiff orally contracted to purchase land, went into possession, made valuable improvements, and paid the purchase price, the contract was not within the statute of frauds.

From Gilliam: DAVID R. PARKER, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a suit by David Cantwell against W. L. Barker and Annie L. Barker, his wife, and H. C. Strickland. The facts are as follows:

On July 14, 1911, plaintiff commenced this suit against Barker and wife to compel specific performance of a

---

* Taking possession of real property as part performance to satisfy statute of frauds, see note in 3, L. R. A. (N. S.) 790.—REPORTER.

contract of sale of certain town lots, alleging that in October, 1907, defendants, by a verbal contract, sold to plaintiff lots 5 and 6, in block 30, of Condon and Cornish's addition to Condon, Oregon, for the agreed price of $800; that, immediately upon the purchase, plaintiff entered into possession of the lots and expended $230' in erecting an additional building thereon; and that he has remained in exclusive possession as owner thereof until the present time. The purchase price was paid as follows: A debt owed by Barker to plaintiff of $500 was applied thereon, and the balance of $300, which was to be paid in money or blacksmith work, was thereafter fully paid, prior to the 1st of October, 1910. Plaintiff asks for a decree requiring defendants to convey the lots to him. On October 6, 1910, the lots were attached in an action commenced by Strickland against Barker, in the circuit court of the State of Oregon for Gilliam County, to recover the sum of $150 due from Barker, upon which a judgment was rendered on July 7, 1911, for the sum of $336.50, besides costs, and on July 15, 1911, the lots were sold, upon execution issued upon such judgment, to H. C. Strickland for the sum of $300. Plaintiff filed a supplemental complaint on September 20, 1911, making Strickland a party defendant, and alleging the facts above mentioned, as to the judgment, execution, and sale, and further alleging that Strickland has knowledge of the fact that plaintiff claimed the premises and that he had erected valuable improvements thereon, and asking that Strickland be decreed to have no interest in the premises. Strickland appeared and demurred to the supplemental complaint for the reason that it does not state facts sufficient to constitute a cause of suit, and that several causes of suit have been improperly united, which demurrer was overruled. He thereupon answered, denying, on information and belief, the allegations of the complaint, and

also denying the allegations of the supplemental complaint, and setting up his judgment, execution, sale, and purchase of the lots. The suit was tried and findings and decree rendered for plaintiff. Strickland appeals.

AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Jay Bowerman* and *Mr. M. D. Shanks.*

For respondent there was a brief and an oral argument by *Mr. T. A. Weinke.*

Opinion by MR. CHIEF JUSTICE EAKIN.

The first question for consideration arises on the demurrer, namely: Are the facts set up in the supplemental complaint an attempt to join a suit to remove a cloud with a cause for specific performance of a contract of purchase?

1. The prayer of the supplemental complaint is somewhat misleading; but the allegations are sufficient to bring Strickland into the suit as a party in privity of title with defendant Barker.

2. Whatever title Strickland obtained through his judgment, he is successor in interest to Barker, and plaintiff's right to specific performance exists not only against Barker, but aginst his assignee, lessee, or successor in title with notice; and the vendor and his vendee may properly be joined in a suit for specific performance. 36 Cyc. 761. Also it is proper to join judgment and attachment creditors in such a suit. 36 Cyc. 768. Strickland, by reason of his attachment and judgment, might have been made properly a party defendant in the original complaint; but when he became a purchaser of the property at the sheriff's sale, he became a necessary party and was properly brought in by supplemental complaint, and the court in the final decree may subject whatever title or interest he may have acquired to plaintiff's equity, so as to give plaintiff a good title to the

lots, free from liens of the judgment or execution sale.

3. Defendant denies that he had notice of plaintiff's claim at the time of the attachment and judgment; but there can be no doubt that plaintiff was openly in actual possession of the property which is notice to all the world of his equity. *Simpkins* v. *Windsor,* 21 Or. 382 (28 Pac. 72) ; *Rayburn* v. *Davisson,* 22 Or. 242 (29 Pac. 738) ; *Randall* v. *Lingwall,* 43 Or. 383 (73 Pac. 1). And the defendant was thereby put upon inquiry and charged with notice of all facts that such inquiry would have disclosed. Therefore he acquired by the purchase nothing but the naked legal title and holds the same in trust for plaintiff. *May* v. *Emerson,* 52 Or. 262 (96 Pac. 454, 1065: 16 Ann. Cas. 1129). He could acquire no greater interest than Barker had. *Dimmick* v. *Rosenfield,* 34 Or. 101 (55 Pac. 100) ; *Jennings* v. *Lentz,* 50 Or. 483 (93 Pac. 327: 29 L. R. A. [N. S.] 584) ; *Smith* v. *Bank,* 57 Or. 82 (110 Pac. 410.)

4. Defendant by his answer denies on information and belief the contract of sale between plaintiff and Barker, which casts the burden of proof thereof on plaintiff and defendant urges that plaintiff has not proved the contract with that degree of certainty, as to its terms, required in such cases. But here the contract is not disputed by the vendor, who has made default in the suit. Its terms are specifically testified to by plaintiff, and he is corroborated by many circumstances, such as the procuring of fire insurance, payable in case of loss to Barker as his interest may appear; the performance of $1,000 worth of work for Barker, upon which no payments have been demanded, $800 of which being applicable to the purchase price of the lots; plaintiff's exclusive possession from the date of the purchase and his making permanent improvements thereon.

5. Plaintiff's contract of purchase was in parol, but comes clearly within the exception which takes it out of

the statute of frauds, namely, possession, the making of valuable improvements, and the payment of the purchase price; and he is entitled to specific performance as against Barker and wife. As Strickland is a purchaser of Barker's title, subsequent to plaintiff's purchase, and with notice thereof, he is equally bound by the decree.

Decree affirmed.                                   AFFIRMED.