Argued March 24, affirmed April 20, rehearing denied June 8, 1920.

# HOWARD *v.* FOSKETT.*

(189 Pac. 396.)

**Trusts—"Express Trusts" and "Implied Trusts" Defined.**

1. "Express trusts" are such as are created by the deliberate or intentional act of the settlor, and "implied trusts" are trusts which without such voluntary acts arise out of the transactions of the parties by operation of law.

**Trusts—Complaint Seeking to Establish Trust Held Founded on Express Trust.**

2. A complaint, alleging that land was conveyed by a husband to a third person and by the third person to the husband and wife as tenants by the entirety, and that in consideration of the execution of such deeds the wife verbally promised the husband that if she survived him she would convey the land to his children by a former marriage, reserving a life estate to herself and seeking to establish a trust in the land, was founded upon an express trust alleged to have been created by parol agreement.

**Trusts—Express Trust in Land cannot be Proved by Parol Evidence.**

3. Under Section 804, L. O. L., providing that no estate or interest in real property other than a lease for not exceeding one year nor any trust or power concerning such property can be created, transferred, or declared otherwise than by operation of law or by writing, parol evidence is inadmissible to establish an express trust in land.

**Trusts—Trust Held not Sufficiently Declared by Letter.**

4. Where it was claimed that a wife in consideration of the conveyance of land to herself and her husband as tenants by the entireties agreed in case she survived the husband to convey it to his children reserving a life estate, a letter written the husband of one of the children, stating that she was not in a position to know "what arrangement could be made protecting my life interest in the properties as well as my personal equity therein," and that she must have the advice of counsel and would then communicate with him, was not a sufficient declaration of trust.

[As to sufficiency of evidence to establish constructive or resulting trust, see notes in Ann. Cas. 1916D, 1194.]

From Lane: GEORGE F. SKIPWORTH, Judge.

*On grantee's oral promise to grantor or person furnishing consideration for conveyance, to hold in trust as giving rise to constructive trust, see note in 39 L. R. A. (N. S.) 906.    REPORTER.

Department 2.

This is a suit wherein it is sought to establish and declare a trust in certain real property. The complaint alleges that on October 20, 1913, W. H. Abrams and Alice, his wife, conveyed the real estate therein described to one Sanford, who on the next day executed a deed reconveying the same property to Abrams and wife jointly. It is alleged that these conveyances were made by the husband and wife, and Sanford, for the purpose of creating an estate in entirety, and upon the express verbal agreement between Abrams and his wife that, in the event that she survived her husband, she would convey the property to the three children of W. H. Abrams by a former wife (such children being the plaintiff Minnie S. Howard and the defendants Thomas C. Abrams and Grace McClellan), reserving to herself a life estate therein. It is claimed that at the time of such conveyances, W. H. Abrams was in poor health, weak in both body and mind, and that in the transactions, he yielded to the undue importunity of his wife, who, acting with the fraudulent purpose of securing the property for herself, had no intention of performing the parol promises which she then made. Thereafter, on November 9, 1915, W. H. Abrams died. The relief sought is, that defendant Alice S. Foskett, the surviving widow of W. H. Abrams, be decreed to be "a trustee to carry into execution her verbal promises made to said W. H. Abrams, deceased; that the deeds recorded in pages 348 and 349 of book 102 of the Deed Records of Lane County, Oregon, be canceled," and that the three children be declared the owners as tenants in common of the property described in the com-

plaint, subject to the life estate of Alice S. Foskett therein.

The answer of the defendant, Alice S. Foskett, admits the execution of the deeds in question, but denies the alleged trust agreement, and the exercise of any influence by her in securing the same. It is then recited affirmatively, that, at the time of their marriage, W. H. Abrams had very little capital, and that the wife, having received an inheritance of more than $3,000, contributed the same for use in her husband's business, and from then until the death of the husband, in addition to the performance of her household duties, she earned considerable money as a music teacher, and contributed the same to the common fund and for the support of the family. It is asserted that, being influenced by the foregoing fact, W. H. Abrams, of his volition, solicited his wife to join with him in conveying the property to Sanford, for the purpose of having Sanford reconvey to them jointly, thereby giving each an estate in entirety. It is further alleged that since the death of her husband, she has paid taxes and street assessments and her husband's debts from her separate funds, relying upon her ownership of the real property as the survivor under the joint deed.

The reply alleges that the money contributed by the wife as alleged in her answer, was simply a loan upon which she regularly received interest. A trial being had, there was a decree for the defendant Alice Foskett, from which plaintiffs appeal.

Affirmed. Rehearing Denied.

For appellants there was a brief and an oral argument by *Mr. H. E. Slattery.*

For respondents there was a brief over the names of *Mr. C. A. Hardy* and *Mr. J. S. Medley*, with an oral argument by *Mr. Hardy*.

BENSON, J.—In the consideration of the questions involved herein, certain undisputed facts should be kept in mind. W. H. Abrams and the defendant, Alice S. Foskett, were married in 1878, and at the time of his death had been husband and wife for a period of about thirty-seven years. When the wedding occurred, the husband had three small children by a former wife. These children grew to maturity in their father's home, from which, prior to the execution of the joint deed in controversy, they had married and established homes of their own. The domestic life of Abrams and his wife appears to have been exceptionally happy. At the outset, the husband's resources were small, and the addition of the wife's funds was a marked reinforcement of his working capital and doubtless had a large influence upon their subsequent prosperity. The wife was a skilled musician and added to the family income by her services as a teacher of music. At the time of the marriage she received from her parents a gift of $1,000, and subsequently received from their estate, according to her testimony, an additional $3,000, all of which was used by Abrams in his business. There is some evidence tending to prove that the latter sum may have been not more than $2,000, and there is some evidence to the effect that her husband paid her interest on these sums. The evidence fails to establish the assertion that the deeds were executed because of the wife's importunities or that the husband was then mentally weak.

96 Or.—29

It is the contention of defendant that the complaint is founded upon allegations of an express trust, and that therefore parol evidence is not admissible to establish its existence. The allegations of the complaint upon this subject are as follows:

"That, on October 21, 1913, for the consideration hereinafter expressed, the said Lorenzo Sanford conveyed all of the said real estate to the said W. H. Abrams and Alice S. Abrams, husband and wife, and that it was agreed and understood by and between the said W. H. Abrams and Alice S. Abrams, that if she survived the said W. H. Abrams, she would convey the said real estate to the said Minnie S. Howard, Thomas C. Abrams and Grace McClellan reserving unto herself a life estate in and to the said real estate.

"That, in consideration of the execution of the said two deeds, the said Alice S. Abrams, now Alice S. Foskett, verbally promised the said W. H. Abrams, deceased, that if he died first she would convey the said real estate unto his said three children above named, reserving unto herself a life estate therein.

"That, in reliance upon the said verbal promise of the said Alice S. Foskett and believing the same to be true, and in consideration thereof, the said W. H. Abrams consented to the execution of the said two deeds."

1. "Express trusts are such as are created by the deliberate or intentional act of the settlor, and implied trusts are trusts which, without such voluntary acts, arise out of the transactions of the parties by operation of law": 1 Beach on Trusts and Trustees, 45.

2, 3. Applying this definition, the complaint is clearly founded upon an express trust, which it is alleged was created by a parol agreement between the parties. This being true, the evidence requisite

to establish a trust under the joint deed is governed by Section 804, L. O. L., which reads thus:

"No estate or interest in real property, other than a lease for a term not exceeding one year, nor any trust or power concerning such property, can be created, transferred, or declared otherwise than by operation of law, or by a conveyance or other instrument in writing, subscribed by the party creating, transferring, or declaring the same, or by his lawful agent, under written authority, and executed with such formalities as are required by law."

Speaking of this section, in the case of *Cooper v. Thomason,* 30 Or. 161 (45 Pac. 295), Mr. Justice MOORE says:

"The rule is universal that a parol declaration of a trust will not affect the land, and for this reason parol evidence is inadmissible to establish such a trust. In *Fairchild* v. *Rasdall,* 9 Wis. 379, the court, speaking of the universality of this rule, say: 'We do not feel called upon to cite authorities to show that, in the absence of fraud, accident or mistake, parol evidence cannot be received to prove that a deed, absolute on its face, was given in trust for the benefit of the grantor.' "

In *Karr et al.* v. *Washburn et al.,* 56 Wis. 303 (14 N. W. 189), under a statute which is practically identical with ours, the court says:

"Whatever may be the language of the courts, perhaps of this court, in some of the cases, such a trust is not an absolute nullity. It is simply void at the election of the trustee. He may execute it or not, as he chooses, and the courts will not interfere to compel him to execute it or to refrain from so doing. If he refuses to execute it, from thenceforth the trust, which rests only upon a moral obligation, is a nullity."

But it is urged by plaintiffs in the present case, that there is such fraud disclosed in the transaction as withdraws the matter from the operation of the

statute. The only allegation of fraud found in the complaint is to the effect that Alice S. Abrams did not intend to perform her promise when she made it. It is true that in a few cases the making of a promise, with the present intention of disregarding it, is sufficient evidence of fraud, yet the obstacles presented to an effort to prove what the intent of a party might have been at the time of making a promise, renders such authorities of doubtful value, and in the present case we have searched the evidence in vain for anything upon which to predicate a finding of such fraud.

4. It is also urged that a certain letter written by Mrs. Foskett sufficiently declares the trust. This letter, evidently written in response to a letter from her stepdaughter's husband, is as follows:

"Salem, March 8, 1916.

"Dear Charlie: In regard to your request for an arrangement of affairs, I am not as you realize in a position to know what arrangements could be made protecting my life interest in the properties as well as my personal equity therein, consequently I will be obliged to have the advice of counsel before making a reply to your letter. As soon as I have received the necessary advice I will communicate with you. The weather has been very disagreeable for over a week.

"Sincerely yours,
"(Signed)     ALICE S. ABRAMS."

This letter falls very far short of stating or acknowledging the terms of a trust, and drives the plaintiffs back upon parol evidence to explain what she is talking about.

It follows that the decree must be affirmed, and it is so ordered.     AFFIRMED.     REHEARING DENIED.

McBRIDE, C. J., and BENNETT and JOHNS, JJ., concur.