Argued April 4, modified July 30, 1929.

LINA MAE HORNBECK *v.* EMMA VANCIL CRAWFORD ET AL.

(279 Pac. 870.)

232

For appellants there was a brief over the names of *Mr. W. T. Vaughn* and *Mr. C. L. Whealdon,* with an oral argument by *Mr. W. F. Magill.*

For respondent there was a brief and oral argument by *Mr. Oren R. Richards.*

RAND, J.—This is a suit to enforce a trust against the defendants, Emma Vancil Crawford and her husband, and the defendant, W. T. Vaughn, in a certain

lot in the City of Portland and also in the furniture and household goods described in the complaint. The relief prayed for as to the defendant Vaughn is to have a mortgage on the lot given by the Crawfords to him set aside and vacated, it being alleged that he took said mortgage with notice of plaintiff's rights.

The complaint alleged that on December 2, 1924, plaintiff's father, Jeptha B. Hall, was the owner of said lot and personal property and on said day conveyed the lot, but not the goods, to Emma Vancil Crawford, *née* Vancil; that at said time she fraudulently promised to hold the property in trust and reconvey it to him whenever requested, intending at the time to violate said promise and not perform it; that Hall died on July 25, 1925, leaving a will devising said property to the plaintiff and naming J. F. Alexander as executor; that the will has been probated; that Alexander has been appointed and removed as executor; that defendant, Edwin Lindstedt, is now the administrator with the will annexed; that the Crawfords, although requested to convey the property to plaintiff, have refused and still refuse to convey or to account for the profits thereof and now claim to be the absolute owners of the property; that Vaughn had knowledge of the trust and took his mortgage on the lot with notice of it. The complaint sets forth a copy of the deed. On its face, the deed acknowledges a consideration paid of $10 and $2,000 in second Liberty bonds. It also contains a clause reading as follows: "To HAVE AND TO HOLD the above described and granted premises unto the said Emma Vancil and her heirs and assigns forever." It contained full covenants of warranty covenanting that the grantor was lawfully seized in fee simple, that the premises were free from all encumbrances

except a certain mortgage for $525, which the grantee assumed and agreed to pay and that the grantor, his heirs, executors and administrators will warrant and forever defend the premises against the lawful claims and demands of all persons whomsoever except said mortgage.

By their answer, the two Crawfords and Vaughn admit the execution and delivery of the deed and that they claim the absolute ownership of the lot and personal property; that they have refused and now refuse to convey the lot or to transfer the personal property to plaintiff but they deny that the deed was without consideration and affirmatively allege that the consideration named in the deed was actually paid by Mrs. Crawford to Hall.

There was a conflict in the testimony as to whether the deed was a voluntary conveyance made without consideration or a consideration paid. Upon this evidence the learned trial court held that the deed was without consideration and with this finding we agree. But the evidence showed that shortly prior to the execution of the deed a decree of divorce had been granted either to Hall or his wife and that Mrs. Hall was threatening to commence further proceedings in the suit to have the decree opened up so that she could obtain a more favorable property settlement from Hall, and that Hall made the conveyance for the purpose of preventing his wife from obtaining any right or interest in the property, and that this was the purpose for making the deed is admitted by plaintiff in her brief upon this appeal. The trial resulted in a decree for plaintiff and the two Crawfords and Vaughn have appealed.

Plaintiff contends that a deed given without consideration under a verbal promise of the grantee to

hold the land in trust and to reconvey it whenever requested creates a trust in the land for the benefit of the grantor. Under the statute of frauds in force in this state, no trust in lands

"can be created, transferred, or declared otherwise than by operation of law, or by a conveyance or other instrument in writing, subscribed by the party creating, transferring, or declaring the same, or by his lawful agent, under written authority, and executed with such formalities as are required by law." Section 804, Or. L.

Section 805, Or. L., provides that those provisions "shall not be construed * * to prevent a trust from arising or being extinguished by implication or operation of law."

█ Under these provisions no trust concerning lands, except such as may arise or result by implication or operation of law, shall be created or declared unless by writing. Parol evidence, therefore, is not admissible to prove any conveyance to be made in trust except in trusts resulting by operation of law. The verbal declarations of the grantee that she held the property in trust for the grantor or her promise to reconvey it to him whenever requested, not being in writing, were not admissible to establish an express trust in lands: *Howard* v. *Foskett,* 96 Or. 446 (189 Pac. 396). Now, in the absence of fraud, accident or mistake, would such verbal declarations be admissible to prove a trust of any kind. In the absence of fraud, accident or mistake parol evidence cannot be received to prove that a deed absolute on its face was given in trust for the benefit of the grantor; *Cooper* v. *Thomason,* 30 Or. 161 (45 Pac. 296); *Fairchild* v. *Rasdall,* 9 Wis. 379. In the instant case the deed acknowledged the payment of a consideration

and limited the whole use of the property to the grantee, her heirs and assigns forever, and hence no resulting trust could arise. Where a deed acknowledges the payment of a consideration, the receipt of the consideration cannot be contradicted for the purpose of defeating the conveyance or for the purpose of raising a resulting trust for the grantor, and where a deed limits the use of the whole property to the grantee, no resulting trust can arise or be implied. To imply a trust where the deed limits the whole use of the property to the grantee would be in direct contradiction of the terms of the deed. "It was thought at one time that if a man conveyed land without consideration a trust would result. But it is now settled law that a trust does not result to the grantor merely because there was no consideration for the conveyance": 2 Devlin on Deeds (3 ed.), § 1189, and authorities cited.

■ Under our system of conveyancing, if the deed states either a good or a valuable consideration, there is no resulting use or trust for the benefit of the grantor even though the deed be in fact without consideration: *Farrington* v. *Barr*, 36 N. H. 86, and authorities cited; *Gaylord* v. *Gaylord*, 150 N. C. 222 (63 S. E. 1028); *Squire* v. *Harder*, 1 Paige (N. Y.), 494 (19 Am. Dec. 446); *Hogan* v. *Jaques*, 19 N. J. Eq. 123 (97 Am. Dec. 644); *Lovett* v. *Taylor*, 54 N. J. Eq. 311 (34 Atl. 896); *Jackson* v. *Cleveland*, 15 Mich. 94 (90 Am. Dec. 266).

■ The *habendum* clause contained in the deed in question here reads as follows: "To HAVE AND TO HOLD the above described and granted premises unto the said Emma Vancil, and her heirs and assigns forever." By that clause in the deed, the grantor expressly limited the whole use of the premises to

his grantee, her heirs and assigns. The fact that no consideration was paid for the deed, if it is a fact, could not raise a resulting trust where the deed so limits the use of the property to the grantee. Parol evidence, therefore, of the declarations of the grantee that she held the property in trust for the grantor was not admissible to prove a resulting trust. The rule in such case is, as stated in *Graves* v. *Graves,* 29 N. H. 129, that if the use is expressly limited in a deed in favor of a grantee, no other use will be implied inconsistent with it in favor of the grantor. As said by Mr. Justice CAMPBELL:

" * * accordingly, either the mention of a consideration, although nominal, or the declaration of uses, will prevent any trust resulting, and confirm the title of the feoffee: * * A court of chancery has never ventured against the expressed will of the donor, appearing on the face of the deed, to 'take the use from the donee and give it back to the donor. In other words, uses annexed to a perfect gift, however gratuitous, were enforced.' "

■ While it was not competent to contradict the acknowledgment of the receipt of the consideration stated in the deed in order to defeat the conveyance or to affect its validity as a conveyance in passing title (see 3 Washburn on Real Property (5 ed.), p. 592), such evidence being only admissible in actions to recover the purchase money or perhaps in actions to recover damages for a breach of a covenant contained in the deed, it was admissible in conjunction with other evidence of fraud in proof of a constructive trust or a trust arising *ex maleficio.*

■ While the authorities are in conflict upon the question of whether a verbal promise of the grantee made before or at the time of the execution of the

deed to hold the property in trust and to reconvey it to the grantor and the promise was made to induce the grantor to make the deed (see Perry on Trusts (6 ed.), § 181, p. 289, note a), we think that it is settled law in this state that where such a promise is made by the grantee fraudulently and without any intent to fulfill the promise, the subsequent failure of the grantee to fulfill the promise is such a fraud as will raise a constructive trust. See *Parrish* v. *Parrish,* 33 Or. 486, 494 (54 Pac. 352), where this court, speaking through Mr. Justice WOLVERTON, said:

"The essence of the fraud consists in the existence of a wrongful intent at the time to eventually appropriate the property while lending countenance to the belief in the owner that it was designed to be used for, and would finally inure to, his benefit. It differs from a promise with a purpose of complying therewith at the appointed time, and a breach thereof, for it is settled and conceded that a mere failure to fulfill the promise is not fraud, and the statute applies in such a case; but if the evil intent primarily existed, as above suggested, the transaction is fraudulent, and without the statute."

See, also, *Howard* v. *Foskett, supra.*

■ Where a deed, however, is concededly made for the purpose of placing the title to property out of the reach of the grantor's wife, it does not create a trust relation between the parties. As was said in *Jolly* v. *Graham,* 222 Ill. 550 (78 N. E. 919, 113 Am. St. Rep. 435):

" * * The law will not permit a party to deliberately put his property out of his control for a fraudulent purpose, and then, through the intervention of a court of equity, regain the same after his fraudulent purpose has been accomplished."

■ For this reason, this voluntary conveyance which was concededly made for the sole purpose of defrauding the grantor's wife was binding upon the grantor and binds all parties in privity with him except the wife and she is not complaining. Neither he while living nor his heirs after his death could question the validity of the conveyance because of the fraudulent purpose for which it was made. From this it follows that in so far as the decree appealed from holds that the real property in question is trust property and requiring the defendants to perform the verbal promise of the grantee by reconveying the property will be reversed, but as to the personal property described in the complaint it will be affirmed, for it is alleged in the complaint and admitted by the answer that Hall, at the time he made said conveyance, was the owner of the personal property described in the complaint, and that the defendants are now in possession thereof, claiming to be the owners thereof. The deed contains no mention of the personal property and transferred none to the defendants. The decree, therefore, in so far as it refers to said personal property and requires the defendants to turn over the possession thereof to plaintiff will be affirmed; neither party to recover costs upon this appeal, and it is so ordered.                    MODIFIED.

COSHOW, C. J., and MCBRIDE and ROSSMAN, JJ., concur.